**Parnice O. WILLIAMS, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

Appeal No. 83–789.

United States Court of Appeals, Federal Circuit.

Oct. 14, 1983.

Robin R. Gerber, Washington, D.C., argued for petitioner.

Mary Jennings, Washington, D.C., argued for respondent, Merit Systems Protection Bd. With her on the brief were Alan F. Greenwald, Deputy Gen. Counsel and Calvin M. Morrow, Washington, D.C.

Robert A. Reutershan, Washington, D.C., argued for respondent, Office of Personnel Management, United States. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director, Washington, D.C.; Joseph A. Morris, Gen. Counsel, Henry G. Watkins, Asst. Gen. Counsel and Murray M. Meeker, Atty., Washington, D.C., Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before RICH, KASHIWA, MILLER, SMITH and NIES, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

Petitioner Williams appeals from a decision by the Merit Systems Protection Board (MSPB) denying her request for attorney fees, following upon her successful appeal to the MSPB from a decision of the Office of Personnel Management (OPM) denying her application for a physical disability retirement annuity. We hold that the MSPB lacked authority to consider Williams' attorney fee request, vacate the MSPB decision, and grant OPM's motion to dismiss Williams' appeal for want of subject matter jurisdiction in this court, for the reasons set forth below.

### Background

Williams was a GS–5 employee of the Department of Defense at the Walter Reed Medical Center. She applied for physical disability retirement, and OPM denied her application in January 1981. She success-

fully appealed the denial to the MSPB and, upon prevailing, requested payment of attorney fees "in the interest of justice" under 5 U.S.C. § 7701(g)(1) (1982). The MSPB in December 1982 denied her request on the grounds that attorney fees may not be awarded in the case of employee-initiated (as opposed to agency-initiated) disability retirement appeals—the so-called "*Vergagni*" rule.[1]

On March 28, 1983, Williams petitioned this court for review of the MSPB denial, contending that the MSPB's blanket application of the "*Vergagni*" rule is an error of law to be corrected by this court. On April 8, OPM raised the additional issue whether the MSPB has authority at all to award attorney fees in physical disability cases heard pursuant to 5 U.S.C. § 8347(d)(1), on the grounds that Congress has not waived the sovereign immunity of the United States to allow payment of fees in such cases. In a further complication, OPM then moved on April 21 to dismiss Williams' petition for lack of subject matter jurisdiction, arguing that this court's jurisdiction to hear MSPB cases under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 127(a), 96 Stat. 25, 38 (amending 28 U.S.C. § 1295(a)(9)) and 5 U.S.C. § 7703 does not reach to an "individual" seeking redress before the MSPB in a physical disability case pursuant to 5 U.S.C. § 8347(d)(1). OPM renewed its motion at oral argument. In its post-hearing brief, the MSPB opposed OPM's motion to dismiss, contending that this court's jurisdiction does indeed reach such cases, which the MSPB hears under section 7701(a).

 This case presents complex jurisdictional and statutory construction issues of first impression for this new court. Since these issues were closely tied to and indeed dependent upon the outcome of a case concerning this court's jurisdiction to review the merits of physical disability cases (*Lindahl v. OPM,* 718 F.2d 391 (Fed. Cir.1983)), we have waited for this court, sitting *in banc,* to resolve that preceding problem. *Lindahl* having been decided denying our jurisdiction to review the *merits* of physical disability cases appealed to the MSPB under 5 U.S.C. § 8347(d)(1), we follow today in *Lindahl*'s footsteps by holding that this court likewise lacks jurisdiction to review the grant (or non-grant) of attorney fees in these same types of cases. In so doing we must also hold that the MSPB lacks authority in the first place to grant such fees pursuant to 5 U.S.C. § 7701(g)(1) in physical disability cases. We therefore reach the same practical result here as does the MSPB in applying the "*Vergagni*" rule, but for reasons based on sound statutory construction rather than upon a perhaps questionable blanket application of policy.

*Opinion*

I.

The MSPB hears appeals concerning voluntary physical disability retirement cases under the authority provided it in section 8347(d)(1),[2] not section 7701(a). *Lindahl,* at 393, 398–399. We need not repeat in detail here the reasons set forth in *Lindahl* for this holding.

II.

Before the MSPB Williams requested attorney fees under section 7701(g)(1), which affords the MSPB discretion to award "reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board * * * determines that payment by the agency is warranted in the interest of justice." Since *Lindahl* dictates that the merits of Williams' physical disability case were heard by the MSPB under section 8347(d)(1), not section 7701(a), the question initially before us is whether section 7701(g)(1) may "reach over" to section 8347(d)(1) to authorize the award of fees, or whether in fact no authority exists. We conclude that no fee authority exists for the following reasons.

---

1. *Vergagni v. OPM,* MSPB Docket No. DC831L8010270ADD (July 19, 1982), 1982 FMSR 7033.

2. All section references are to title 5, U.S.C. (1982), except where otherwise indicated.

## A.

Following *Lindahl*'s lead, we begin by examining the plain language of relevant portions of section 8347. Section 8347(a) authorizes OPM to "administer this subchapter," which concerns civil service retirement. Sections 8347(b) and (c) require OPM to "adjudicate all claims under this subchapter" and "determine questions of disability and dependency arising under this subchapter," respectively. Section 8347(e) allows OPM to reimburse certain physicians and surgeons for their fees plus "reasonable traveling and other expenses" incurred in connection with designated examinations. Section 8347(d)(1) grants an individual appeal rights to the MSPB "under procedures prescribed by the Board." Nowhere, however, does section 8347 explicitly authorize OPM, or the MSPB, to pay attorney fees to individuals who prevail in appeals to the MSPB under section 8347(d)(1). Nor does the subchapter nor the chapter (chapter 83 —Retirement, of title 5) anywhere explicitly grant such fee authority.

If Congress had wished for physical disability retirement appellants to have the right to seek attorney fees upon prevailing, it could well have expressly said so. Congress did, in section 8347(e), authorize OPM to reimburse doctors' fees in certain circumstances. More significantly, in section 8347(d)(2), it authorized involuntary *mental* disability retirees to appeal to the MSPB under section 7701, with benefit of section 7701 procedures, presumably including section 7701(g)(1) fees. Perhaps under a strained interpretation of section 8347(d)(1), providing for MSPB appeals "under *procedures* prescribed by the Board" (emphasis supplied), one could claim that authority to grant attorney fees is a mere "procedure" discretionary with the board. In light of our discussion of waiver of sovereign immunity *infra,* however, we cannot sanction such a conclusion.

Finally, a review of the legislative history of section 8347(d) and the Civil Service Retirement Act sheds no light on congressional intent concerning fees in retirement appeals.[3]

## B.

Having found no explicit attorney fee authority in section 8347 or its supporting sections, we turn to the question whether section 7701(g)(1) may be considered to "reach over" and embrace section 8347(d)(1). Starting once more with the plain language of the provision, section 7701(g)(1) provides that:

> the Board, or an administrative law judge or other employee of the Board designated to hear *a case,* may require payment * * * of reasonable attorney fees incurred by an *employee or applicant for employment* if the *employee or applicant* is the prevailing party and * * * payment * * * is warranted in the interest of justice, including * * * *any case* in which the agency's action was clearly without merit. [Emphasis supplied.]

The cases which section 7701(g)(1) covers appear to be broad—"a" or "any" MSPB case. However, as explored in *Lindahl,* in this complex area "a" and "any" do not necessarily mean what they seem to mean. Section 7701(g)(2) carves out the first exception, discrimination cases, where attorney fee payment must be in accordance with the Civil Rights Act of 1964. Section 7701 generally is situated in subpart F— "Labor-Management and Employee Relations"—of part III ("Employees") of title 5, whereas section 8347 fits in subpart G—"Insurance and Annuities"—of the same part and title. While it is likely that all "adverse action" cases appealed to the MSPB under section 7701 benefit from the section 7701(g)(1) attorney fee provision,[4] one may question whether Congress intended its largess to extend as well to actions far afield from section 7701. This issue has arisen as regards Special Counsel "corrective action" cases arising under section 1206 of part II—"Civil Service Functions and Responsibilities"—of title 5, as amended by the Civil Service Reform Act of 1978. In *Frazier v.*

---

**3.** *Vergagni,* supra note 1.

**4.** *See Lindahl v. OPM,* 718 F.2d 391 at 398–399 (Fed.Cir.1983).

*MSPB,* 672 F.2d 150, 168–70 (D.C.Cir.1982), Judge Bazelon, in a thorough and well-reasoned opinion issued prior to the effective date of the Federal Courts Improvement Act,[5] held that section 7701(g)(1) attorney fees did apply to such Special Counsel corrective action cases. However, *Frazier* concerned a corrective action—specifically, a prohibited personnel practice or "whistleblower" case—expressly covered by section 7701(g)(1), which states that it "includ[es] any case in which a prohibited personnel practice was engaged in by the agency." No such explicit language reaching out to retirement annuity cases exists in section 7701(g)(1).[6]

The legislative history does not clarify the scope of cases which Congress intended section 7701(g)(1) to cover. The Conference Report does state:

> The conference substitute (sections 7701(g) and 5596(b)(1)(A)(ii)) authorizes attorneys' fees in cases where [the] employee prevails on the merits and the deciding official determines that attorneys' fees are warranted in the interest of justice, including a case involving a prohibited personnel practice or where the agency's action was clearly without merit. The reference to these two types of cases is illustrative only and *does not limit the official from awarding attorneys' fees in other kinds of cases.* [Emphasis supplied.]

S.Conf.Rep. No. 1272, 95th Cong., 2d Sess. 142. *See also* S.Rep. No. 969, 95th Cong., 2d Sess. 60–61, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2782–83.

As shown above, both the plain language of the statute, read in light of *Lindahl,* and the legislative history leave us in limbo regarding the precise scope of cases which

section 7701(g)(1) covers. We reach a similar conclusion regarding the prevailing party—"employee or applicant for employment"—as to which Congress intended to give the MSPB authority to award fees.

"Employee" as it is used in section 7701 is not defined therein or in chapter 77 of title 5, but a general definition is found in section 2105. That broad definition applies except "when specifically modified." Section 8347(d)(1) appeal rights to the MSPB obtain when "the rights or interests of an *individual*" are at issue. (Emphasis supplied.) "Individual" covers a broader class of persons than "employee."[7] Are we to construe "individual" as encompassing a set separate from "employee," and hence excluded from section 7701(g)(1),[8] or are we to conclude that, to the extent the two sets overlap, "individuals" who are also "employees," may request section 7701(g)(1) fees, but "individuals" who are not "employees" may not? Either approach results in anomalies: if we hold that "individual" and "employee" constitute separate statutory sets, then we deny section 7701(g)(1) rights to some individuals who genuinely are employees; whereas if we grant section 7701(g)(1) rights to individual/employees (the overlapping set), then we leave in the cold non-employee individuals such as annuitants' survivors. For purposes of our holding here, however, the question itself presents the answer—*i.e.,* such ambiguity in the relevant statutory provisions cannot constitute a clear waiver of sovereign immunity, as discussed below.[9]

## III.

■ Attorney fees may not be awarded against an agency of the Federal Govern-

---

**5.** Pub.L. No. 97–164, 96 Stat. 25, effective October 1, 1982, transferred review of a final MSPB order or decision pursuant to §§ 7703(b)(1) and 7703(d) exclusively to this court.

**6.** Indeed, prior to *Frazier v. MSPB,* 672 F.2d 150, 168–69 (D.C.Cir.1982), the MSPB itself took the position that § 7701(g)(1) applied only to chapter 77 cases.

**7.** *See, e.g.,* § 8337(b) regarding former employee appeals; § 8341 regarding survivor annui-

ties; § 8342 regarding lump-sum benefits payable after an employee's or annuitant's death.

**8.** OPM has urged this position as grounds for its motion to dismiss filed April 21, 1983.

**9.** The legislative history is equally unenlightening. *See* S.Rep. No. 969, 95th Cong., 2d Sess. 60–61, *reprinted in* 1978 U.S.Code Cong. & Ad. News 2723, 2782–83; H.R.Rep. No. 1403, 95th Cong., 2d Sess. 23; S.Conf.Rep. No. 1272, 95th Cong., 2d Sess. 142.

ment unless specifically authorized by a statutory waiver of sovereign immunity. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Frazier,* 672 F.2d at 168; *Dawson v. MSPB,* 712 F.2d 264, 267–68 (7th Cir.1983). This court has explicitly stated, in a case holding that the Equal Access to Justice Act does not authorize boards of contract appeals to award attorney fees and expenses against the United States:

> Congress must expressly authorize an award of fees against the United States with specific statutory language. In construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress. It is an error to suppose that the ordinary canons of statutory construction are to be applied in this context, if they would add anything to what Congress has expressly said. Where, as here, a party's argument is "hopelessly dependent on implication and negative inferences," it ultimately must fail. *Nibali v. United States* [225 Ct.Cl. 8], 634 F.2d [494] at 497 [ (Ct.Cl.1980) ].
> * * *

*Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1387 (Fed.Cir.1983).

Similarly, in this case we find the argument that section 7701(g)(1) "reaches over" to section 8347(d)(1) physical disability cases to be too dependent, in light of *Lindahl,* upon implication and inference. Our analysis *supra* of the pertinent statutory language reveals only ambiguity and confusion. Particularly in light of the contrasting statutes involved, the Civil Service Reform Act and the Civil Service Retirement Act,[10] statutory language connecting section 7701(g)(1) to 8347(d)(1) would need to be crystal clear. Such clarity sufficient to meet the strict construction standard for sovereign immunity waiver does not here exist.

Respecting the waiver of sovereign immunity which we find lacking in the statutes at hand, we emphasize that this waiver is lacking at the *agency* level—*i.e.,* we find that in this case the MSPB lacks authority to require the agency to pay (or not to pay) attorney fees. In this case we find that the MSPB has improperly exercised jurisdiction because the waiver—for attorney fees in section 8347(d)(1) physical disability retirement cases—did not, and does not, exist.

We therefore do not reach the issue of law which Williams has pressed in her brief. She has ably argued that the MSPB's so-called "*Vergagni*" rule that attorney fees in an employee-initiated, as opposed to an agency-initiated, disability retirement case may never be awarded, constitutes an error of law. In *Vergagni* the MSPB interpreted a Senate Committee mark-up comment by Senator Mathias that attorney fees are warranted "where the employee has been dragged through a lengthy and costly legal proceeding," [11] as implying that fees were not warranted where the employee voluntarily filed for the retirement annuity. Williams contends that resting a blanket policy upon such a slight foundation goes beyond the MSPB's discretion, because, even though the employee may technically initiate the retirement claim, she may just as surely be "dragged" through litigation in a case where the agency acts in bad faith, as she may be if the application were involuntarily or agency-initiated. We agree with Williams that careful case-by-case analysis of worthy attorney fee requests is preferable to a blanket policy such as that affirmed in *Vergagni,* but, like the MSPB, we do not have jurisdiction to resolve that question.

### Conclusion

Accordingly, for the reasons set forth above, we vacate the MSPB's decision respecting the Williams' request for attorney fees and we grant the OPM's motion to dismiss Williams' appeal for lack of subject matter jurisdiction in this court.

*VACATED AND DISMISSED.*

---

**10.** *See Dawson v. MSPB,* 712 F.2d 264, 268 (7th Cir.1983).

**11.** *Vergagni,* at 4, 1982 FMSR 7033.