**Anita O. BANDA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGE-
MENT, DEPARTMENT OF the
AIR FORCE, Respondent.**

No. 82–4353.

United States Court of Appeals,
Fifth Circuit.

March 19, 1984.

Donald J. Walheim, San Antonio, Tex.,
for respondent.

Jack B. Moynihan, Asst. U.S. Atty., San
Antonio, Tex., Robert A. Reutershan, Dept.
of Justice, Civ.Div., Washington, D.C., for
respondent.

Evangeline W. Swift, Gen. Counsel, Cal-
vin M. Morrow, Mary L. Jennings, MSPB,
Washington, D.C., for intervenor MSPB.

Before BROWN and RANDALL, Circuit
Judges, and HUNTER *, District Judge.

PER CURIAM:

This case comes before this court for re-
view of a decision by the Merit Systems
Protection Board ("MSPB") denying peti-
tioner Anita O. Banda's request for attor-
neys' fees, following her successful appeal
to the MSPB from a decision of the Office
of Personnel Management ("OPM") deny-
ing her application for disability retirement.
We find that the MSPB lacked authority to
consider Banda's attorneys' fees request;
thus we vacate the MSPB's decision.

I.

Banda, a supply clerk with the Depart-
ment of Air Force, was injured on the job
on April 25, 1978. She subsequently, on
October 5, 1979, executed an application for
civil service retirement based on disability,
which was denied by the OPM. Banda filed
an appeal, pursuant to 5 U.S.C. § 8347(d)(1)
(1982),[1] with the MSPB on August 14, 1980.
The MSPB reversed the OPM's decision,
finding that the OPM had failed to prove
by a preponderance of the evidence that its
rejection of Banda's disability retirement
application was justified.

After receiving the MSPB's decision,
Banda petitioned the MSPB for an award
of attorneys' fees under 5 U.S.C.

---

* District Judge of the Western District of Louisi-
ana, sitting by designation.

1. Section 8347(d)(1) provides:
   (d)(1) Subject to paragraph (2) of this sub-
   section, an administrative action or order af-
   fecting the rights or interests of an individual
   or of the United States under this subchapter
   may be appealed to the Merit Systems Protec-
   tion Board under procedures prescribed by the
   Board.

§ 7701(g)(1) (1982).[2] The MSPB Presiding Official issued his decision denying Banda's request for attorneys' fees on May 25, 1981. In his decision, the Presiding Official held that it would not be "in the interest of justice" to award attorneys' fees to Banda because nothing in the OPM's decision indicated that the "decision lacked good faith or was clearly without merit." Banda took issue with the Presiding Official's denial of her petition for attorneys' fees and requested that the MSPB review the Presiding Official's decision. On August 10, 1982, the MSPB issued a decision rejecting Banda's petition for review. That decision indicated that in *Vergagni v. OPM,* MSPB No. DC831L801027OADD (July 19, 1982), the MSPB had held that it was not in the interest of justice to award attorneys' fees in employee-initiated disability retirement cases and that its decision in *Vergagni* was dispositive of Banda's appeal.

## II.

### A.

On appeal to this court, Banda argues that she was entitled to an award of attorneys' fees, whether or not the decision appealed from was made in bad faith and was clearly without merit, and whether or not the claim was employee-initiated. She argues that the MSPB had substantial discretion in awarding attorneys' fees and was not prohibited from doing so because the application for disability retirement was employee-initiated. In the alternative, she argues that the MSPB's denial of attorneys' fees was arbitrary, capricious and an abuse of discretion, and not supported by substantial evidence.

### B.

The OPM argues that the MSPB properly denied Banda's request for attorneys' fees,

but not for the precise reasons articulated by the MSPB. The OPM argues that the MSPB should not have reached the question of whether payment of attorneys' fees in civil service retirement appeals is "in the interest of justice" as that term is used in section 7701(g)(1). "Individuals" who appeal OPM civil service retirement decisions to the MSPB pursuant to section 8347(d)(1), the OPM argues, are not entitled to attorneys' fees under section 7701(g)(1) because Congress has not waived the sovereign immunity of the United States to allow for the payment of such fees in such cases.

The OPM first notes that attorneys' fees may not be awarded against an agency of the federal government unless specifically authorized by a statutory waiver of sovereign immunity, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and that waivers of sovereign immunity must be "unequivocally expressed." *Lehman v. Nakshian,* 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981). Pointing out that section 8347 does not contain a provision for the award of attorneys' fees, the OPM argues that the attorneys' fees provision of section 7701 cannot be held applicable to section 8347 appeals. The OPM's position rests principally on four factors: (1) the MSPB does not hear civil service retirement appeals under section 7701; (2) significant differences in the membership of the class of "employees" who may appeal to the MSPB under section 7701(a) and receive attorneys' fees under section 7701(g)(1), and the class of "individuals" who may appeal to the MSPB under section 8347(d)(1); (3) the complete absence of any mention of civil service retirement appeals in the legislative history of the Civil Service Retirement Act ("CSRA"), 5 U.S.C. §§ 8301 *et seq.* (1982); and (4) the post-

---

**2.** Section 7701(g)(1) provides:

(g)(1) Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant for em-

ployment is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

CSRA enactment of 5 U.S.C. § 8347(d)(2) (1982).[3]

Alternatively, the OPM argues that, if an award of attorneys' fees in this case is not barred by the doctrine of sovereign immunity, the decision of the MSPB should be affirmed for the reasons articulated in *Vergagni, supra.*

C.

The MSPB argues that sovereign immunity does not bar its consideration of attorneys' fees under section 7701(g)(1) in an appeal pursuant to section 8347(d)(1). According to the MSPB, section 7701 applies to *all* employee appeals. The MSPB then argues that its determination that Banda was not entitled to attorneys' fees in this case was correct.

III.

■ We agree with the OPM that Congress has not waived the sovereign immunity of the United States authorizing the MSPB to award attorneys' fees to individuals who prevail before the MSPB on appeals from civil service retirement decisions made by the OPM. We do so for the reasons set forth in the thorough opinions of the Seventh Circuit in *Dawson v. Merit Systems Protection Board,* 712 F.2d 264 (7th Cir. 1983), and the Federal Circuit in *Williams v. Office of Personnel Management,* 718 F.2d 1553 (Fed.Cir.1983). The reasons underlying both *Dawson* and *Williams* are clearly set forth in those opinions and we will not reiterate them here. We simply adopt the rationale of *Dawson* and *Williams* and write here only to deal with an issue raised before this court by the MSPB which appears not to have been directly addressed in either *Dawson* or *Williams.*

■ The MSPB argues that, as the agency charged with administering sections 7701 and 8347(d), its construction of those statutes is entitled to substantial deference.

*United States v. Rutherford,* 442 U.S. 544, 554, 99 S.Ct. 2470, 2476, 61 L.Ed.2d 68 (1979). Therefore, the MSPB argues, we should defer to its interpretation of section 7701—that it allows awards of attorneys' fees in all employee cases before the MSPB, including those under section 8347(d). While we recognize that such deference is normally mandated, we are also cognizant of the fact that deference is required *unless* there are "compelling indications that [the agency interpretation] is wrong." *Miller v. Youakim,* 440 U.S. 125, 145 n. 25, 99 S.Ct. 957, 969 n. 25, 59 L.Ed.2d 194 (1979). We think that *Dawson* and *Williams* provide such indications that the MSPB's interpretation is wrong.

Because we find that the MSPB lacked authority to consider Banda's attorneys' fees request, the decision of the MSPB with regard to attorneys' fees is VACATED.

SO ORDERED.

---

**3.** Section 8347(d)(2) provides:

   (2) In the case of any individual found by [OPM] to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title should apply and the decision of the Board shall be subject to judicial review under section 7703 of this title.