Guadalupe G. SALDANA, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 84–1373.**

United States Court of Appeals, Federal Circuit.

June 28, 1985.

Roy J. Bucholtz, Miller & Bucholtz, P.C., Reston, Va., for petitioner.

David Kane, Merit Systems Protection Bd., Washington, D.C., for respondent; Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Calvin M. Morrow, Merit Systems Protection Bd., Washington, D.C., were on brief.

Before FRIEDMAN and KASHIWA, Circuit Judges, and MILLER,* Senior Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This is an appeal from the decision of the Merit Systems Protection Board ("MSPB") denying Guadalupe Saldana's ("Saldana") request for an award of attorney fees. We affirm.

## BACKGROUND

At all times relevant to this appeal, Saldana has been employed by the Environ-

mental Protection Agency as an Equal Employment Opportunity Specialist.

On March 20, 1980, Saldana was invited to meet with President Carter to discuss issues of importance to the Hispanic community. At that time, Saldana was National Chairman of the American G.I. Forum, a national Hispanic organization. The meeting lasted about 10 minutes, and then a press conference was held at which Saldana made a statement noting the historical significance of the meeting and mentioning some issues which warranted future discussion. Just prior to the meeting, Ruben Treviso, the Executive Director of the American G.I. Forum, had given Saldana a press release (for issuance after the meeting) which indicated that Saldana was endorsing President Carter for reelection. However, Saldana rejected this press release and it was never issued.

On June 11, 1982, the then Special Counsel for the MSPB ("Special Counsel") filed a complaint with the MSPB pursuant to 5 U.S.C. § 1206(g).[1] The complaint alleged that Saldana engaged in prohibited political activity in violation of the Hatch Act, 5 U.S.C. § 7324 *et seq.*, by endorsing President Carter during their meeting. Saldana denied the Special Counsel's allegation, and, on October 13, 1982, a hearing was held before Administrative Law Judge Heifetz ("ALJ Heifetz"), in accordance with 5 U.S.C. § 1207.[2]

---

* Judge Miller assumed senior status June 6, 1985.

**1.** 5 U.S.C. § 1206(g) provides in pertinent part:
(1) Except as provided in paragraph (2) of this subsection, if the Special Counsel determines that disciplinary action should be taken against any employee—
(A) after any investigation under this section, or
(B) on the basis of any knowing and willful refusal or failure by an employee to comply with an order of the Merit Systems Protection Board,
the Special Counsel shall prepare a written complaint against the employee containing his determination, together with a statement of supporting facts, and present the complaint and statement to the employee and the Merit Systems Protection Board in accordance with section 1207 of this title.

**2.** 5 U.S.C. § 1207. Hearings and decisions on complaints filed by the Special Counsel

(a) Any employee against whom a complaint has been presented to the Merit Systems Protection Board under section 1206(g) of this title is entitled to—
(1) a reasonable time to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;
(2) be represented by an attorney or other representative;
(3) a hearing before the Board or an administrative law judge appointed under section 3105 of this title and designated by the Board;
(4) have a transcript kept of any hearing under paragraph (3) of this subsection; and
(5) a written decision and reasons therefor at the earliest practicable date, including a copy of any final order imposing disciplinary action.
(b) A final order of the Board may impose disciplinary action consisting of removal, re-

ALJ Heifetz issued a Recommended Decision on December 21, 1982, in which he found that there was no credible evidence that Saldana endorsed President Carter's reelection during their meeting. Accordingly, the complaint was dismissed.

Saldana's motion for an award of attorney fees under 5 U.S.C. § 7701(g)(1) [3] was granted by ALJ Heifetz. He held that the MSPB's authority to award attorney fees under 5 U.S.C. § 7701(g)(1) was not limited to MSPB appeals pursuant to chapter 77 of the Civil Service Reform Act but applied to any case where, as here, an employee or applicant for employment is involved, citing *Frazier v. Merit Systems Protection Board*, 672 F.2d 150 (D.C.Cir.1982). Finding that the Special Counsel's complaint was clearly without merit, that Saldana was innocent of wrongdoing, and that the Special Counsel should have known he would not prevail on the merits,[4] ALJ Heifetz held that an award of attorney fees and costs, totaling $5,369.45, was in the interest of justice.

The Special Counsel filed Exceptions to ALJ Heifetz's Recommended Decision with the full MSPB. There was no objection to the dismissal of the complaint, but the Special Counsel did, *inter alia*, except to the award of fees.

The full MSPB, 20 M.S.P.R. 308 (1984), adopted ALJ Heifetz's findings and conclusions that the Special Counsel did not present sufficient evidence to establish that Saldana engaged in prohibited political activity. As to the award of attorney fees, the MSPB stated that the conduct subject to Special Counsel complaints under 5 U.S.C. § 1206, such as prohibited political activity, is different in kind from employee misconduct or performance failures appealed to the MSPB under 5 U.S.C. § 7701. Further, it was stated that 5 U.S.C. § 1207 specifies the rights of employees in detail without mentioning attorney fee awards, making it doubtful that Congress intended to authorize such awards in cases arising from Special Counsel complaints against employees. In view of Congress's failure to clearly waive sovereign immunity, the MSPB denied Saldana's motion for attorney fees.

## ANALYSIS

■ It is well settled that attorney fees cannot be awarded against the Federal Government unless specifically authorized by a statutory waiver of sovereign immunity. *Williams v. Office of Personnel Management*, 718 F.2d 1553, 1556–57 (Fed. Cir.1983). Such statutory authorization must be express and specific; it cannot be extended beyond the statute's literal terms and it cannot be implied. *Nibali v. United States*, 634 F.2d 494, 497, 225 Ct.Cl. 8 (1980). Here, Saldana relies on 5 U.S.C. § 7701(g)(1) for an award of attorney fees. However, before considering the merits of Saldana's motion for attorney fees, it must first be determined whether 5 U.S.C. § 7701(g)(1) authorizes an award of attor-

duction in grade, debarment from Federal employment for a period not to exceed 5 years, suspension, reprimand, or an assessment of a civil penalty not to exceed $1,000.

(c) There may be no administrative appeal from an order of the Board. An employee subject to a final order imposing disciplinary action under this section may obtain judicial review of the order in the United States court of appeals....

(d) In the case of any State or local officer or employee under chapter 15 of this title, the Board shall consider the case in accordance with the provisions of such chapter.

**3.** 5 U.S.C. § 7701(g)(1) provides:

Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

**4.** ALJ Heifetz relied on the guidelines set forth in *Allen v. United States Postal Service*, 2 MSPB 582, 2 M.S.P.R. 420 (1980), which this court approved in *Sterner v. Department of the Army*, 711 F.2d 1563, 1569–70 (Fed.Cir.1983).

ney fees in cases arising from Special Counsel complaints alleging prohibited political activity.

Saldana, relying on *Frazier*, 672 F.2d at 168, argues that 5 U.S.C. § 7701(g)(1) is not limited to appeals brought under chapter 77 but extends to "any case." This assertion is said to be buttressed by the House Conference Report which states:

> [Section 7701(g)(1) ] authorizes attorneys' fees in cases where employee prevails on the merits and the deciding official determines that attorneys' fees are warranted in the interest of justice, including a case involving a prohibited personnel practice or where the agency's action was clearly without merit. Reference to these two types of cases is illustrative only and does not limit the official from awarding attorneys' fees in other kinds of cases.

H.Conf.Rep. No. 1717, 95th Cong.2d Sess. 142, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2876. Thus, this case, like *Williams*, raises the issue of how "far afield" from section 7701 actions does 5

U.S.C. § 7701(g)(1) authorize an award of attorney fees.[5]

By refusing to award attorney fees in a physical disability retirement case under 5 U.S.C. § 8347(d)(1), the panel in *Williams* clearly declined to adopt the broad holding in *Frazier*, 672 F.2d at 170, that 5 U.S.C. § 7701(g)(1) authorizes such awards in "any case in which an employee or applicant for employment appears as a party." The test is whether there is clear statutory language connecting 5 U.S.C. § 7701(g)(1) to the section covering the underlying action. *See Williams*, 718 F.2d at 1557.

In *Frazier*, such a connection existed between 5 U.S.C. § 7701(g)(1) and 5 U.S.C. § 1206(c),[6] because the Special Counsel's action against the agency under the latter statute was for a prohibited personnel practice which the former statute expressly covers.[7] *Williams*, 718 F.2d at 1556. Although the Special Counsel's complaint against Saldana was also brought under 5 U.S.C. § 1206, this action (taken pursuant to subsection (g)) differs significantly from that in *Frazier*. In *Frazier*, 672 F.2d at

---

5. In *Williams*, this court concluded that voluntary physical disability retirement cases are reviewed by the MSPB under 5 U.S.C. § 8347(d)(1), not 5 U.S.C. § 7701(a), citing *Lindahl v. Office of Personnel Management*, 718 F.2d 391, 393, 398–99 (Fed.Cir.1983). *Williams* at 1554. The panel then proceeded to determine whether there was a connection between 5 U.S.C. § 8347(d)(1) and 5 U.S.C. § 7701(g)(1) so that attorney fees could be awarded. *Id.* Although the Supreme Court reversed the Federal Circuit's decision in *Lindahl* that there was no judicial review of MSPB decisions involving physical disability retirement cases, *Lindahl v. Office of Personnel Management*, — U.S. —, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court's decision had no effect on the holding in *Williams* that the MSPB only had authority to award attorney fees if there was a nexus between 5 U.S.C. § 7701(g)(1) and the statutory provision under which the case is appealed to the MSPB. It is unnecessary to decide whether the conclusion in *Williams* that there is no nexus between sections 7701(g)(1) and 8347(d)(1) is still correct in light of the Supreme Court's decision in *Lindahl.*

6. 5 U.S.C. § 1206(c) provides in pertinent part:
   (1)(A) If, in connection with any investigation under this section, the Special Counsel determines that there are reasonable grounds

to believe that a prohibited personnel practice has occurred, exists, or is to be taken which requires corrective action, the Special Counsel shall report the determination together with any findings or recommendations to the Board, the agency involved, and to the Office, and may report the determination, findings, and recommendations to the President. The Special Counsel may include in the report recommendations as to what corrective action should be taken.
   (B) If, after a reasonable period, the agency has not taken the corrective action recommended, the Special Counsel may request the Board to consider the matter. The Board may order such corrective action as the Board considers appropriate, after opportunity for comment by the agency concerned and the Office of Personnel Management.

7. Likewise, a connection exists in appeals to the MSPB from reductions in force where the basis for such appeals is 5 U.S.C. § 7701(a). *See Keely v. Merit Systems Protection Board*, 760 F.2d 246 (Fed.Cir.1985) (MSPB's refusal to award attorney fees reversed on the merits without discussion of MSPB's authority to make such awards); *Williams*, 718 F.2d at 1555 (likely that all adverse action cases appealed to the MSPB under section 7701 benefit from the section 7701(g)(1) attorney fee provision).

156, the Special Counsel brought an action *against the employing agency* for taking retaliatory action against whistleblowers. In this case, the Special Counsel's action *against Saldana* was for engaging in prohibited political activity. Therefore, the action against Saldana does not fall within the "any case in which a prohibited personnel practice was engaged in by the agency" provision of 5 U.S.C. § 7701(g)(1).

Although attorney fees may also be awarded under 5 U.S.C. § 7701(g)(1) in "any case in which the agency's action was clearly without merit," we are not persuaded that this provision possesses the breadth Saldana suggests. *See Williams,* 718 F.2d at 1555. Saldana has not cited specific statutory language clearly connecting 5 U.S.C. § 7701(g)(1) to complaints under 5 U.S.C. § 1206(g). On the contrary, provisions in Title 5 indicate otherwise. Under 5 U.S.C. § 1207(a), employees against whom complaints are filed by the Special Counsel have various procedural rights, including: a reasonable time to answer the complaint, a hearing on the record, representation by counsel, and a written decision. 5 U.S.C. § 7701 gives employees and applicants for employment many of these same procedural rights and, additionally, authorizes attorney fee awards. By setting forth overlapping procedural rights in both these statutory provisions, it is apparent that Congress did not intend to permit employees who prevail in actions by the Special Counsel to supplement their rights, specifically provided for by 5 U.S.C. § 1207(a), with those separately provided for under 5 U.S.C. § 7701. Accordingly, we are satisfied that Congress did not intend to waive sovereign immunity by extending the provisions of 5 U.S.C. § 7701(g)(1) to complaints by the Special Counsel under 5 U.S.C. § 1206(g).[8]

In view of the foregoing, the decision of the MSPB is affirmed.[9]

AFFIRMED.

**8.** By contrast, corrective action proceedings by the Special Counsel, as in *Frazier,* have no statutorily-provided procedural rights corresponding to those set forth in 5 U.S.C. § 1207. *See id.*

**9.** With no statutory basis for an award of attorney fees, we need not reach Saldana's arguments on the merits.