Avegene L. SIMMONS, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 85–635.

United States Court of Appeals, Federal Circuit.

July 18, 1985.

Herbert Levenstein, Dross & Levenstein, Temple Hills, Md., argued for petitioner.

David Kane, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With him on brief were Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, Marsha Mouyal and Joseph J. Ellis, Washington, D.C.

Before RICH, DAVIS and NEWMAN, Circuit Judges.

DAVIS, Circuit Judge.

The issue is whether *Williams v. Office of Personnel Management*, 718 F.2d 1553 (Fed.Cir.1983)—holding that the Merit Systems Protection Board (MSPB or Board) lacks authority to award attorney fees to a federal employee who has prevailed on his claim of entitlement to disability retirement [1]—is any longer good law after the decision of the Supreme Court in *Lindahl v. Office of Personnel Management*, —— U.S. ——, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). We hold that *Lindahl*, taken together with our jurisdictional holding in *Bronger v. OPM*, 740 F.2d 1552, 1554–56 (Fed.Cir.1984), sufficiently undermine the foundations of *Williams* as to such fees in retirement cases, and call rather for the opposite conclusion.

## I.

Petitioner Simmons was a Custodial Laborer with the General Services Administration. She applied to the Office of Personnel Management (OPM) for physical disability retirement. After OPM denied her application, the MSPB regional office reviewed that denial and granted disability retirement. The full MSPB denied review.[2]

In June 1984, petitioner filed a timely motion for payment of attorney fees. The MSPB regional office dismissed for lack of jurisdiction, relying on this court's *Williams* decision, *supra*. This appeal ensued. We delayed consideration of the appeal pending the Supreme Court's disposition of *Lindahl*. After that case came down, we asked the parties for supplementary briefs re *Lindahl*'s effect on *Williams*. These arguments have been received and considered.

## II.

■ *Williams*, following "in [this court's] *Lindahl* footsteps," held that we

---

1. And also holding that this court has no jurisdiction over an appeal from the MSPB's denial of such fees.

2. At first, the MSPB's field office sustained OPM's disallowance, and the full MSPB denied review. Petitioner then appealed to the District of Columbia Circuit (which at that time had non-exclusive jurisdiction of such an appeal) which remanded to the MSPB for the taking of additional evidence. *Simmons v. Office of Personnel Management*, 684 F.2d 1033 (D.C.Cir.1982). It was on remand from the District of Columbia Circuit that Ms. Simmons prevailed.

lack jurisdiction to review the grant or non-grant of attorney fees in disability retirement cases. 718 F.2d at 1554, 1557. The Supreme Court's *Lindahl* decision expressly held otherwise as to this court's jurisdiction over appeals from MSPB disability retirement decisions themselves.[3] In reaching this conclusion, the Court took pains to spell out the various considerations—statutory text, legislative history, policies of sound judicial administration—pointing to the result that this court now has exclusive jurisdiction over all appeals (except in discrimination matters) from the MSPB. *See* —— U.S. at ——–——, 105 S.Ct. at 1633–38. It indisputably follows from the Supreme Court's decision and discussion in *Lindahl* that *Williams'* following of this court's *Lindahl* footsteps (as to our jurisdiction) was also overruled. We therefore have jurisdiction of the current appeal.

### III.

■ The more important and complex issue is whether the MSPB has been given authority to award attorney fees to an employee prevailing on her claim for disability retirement. The only express statutory provision authorizing the MSPB to award attorney fees is 5 U.S.C. § 7701(g), which is part of the Civil Service Reform Act of 1978. Subsection (g)(1) provides:

Except as provided in paragraph (2) of this subsection [dealing with attorney fees in discrimination cases], the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney

fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge or other employee (as the case may be) determines that payment by the agency is warrented in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

The bottom-line is whether this subsection, an integral part of § 7701, applies to a federal employee seeking disability retirement.

*Williams* ruled that the subsection did not cover those employees, but that ruling was largely based on, and influenced by, the *Lindahl* decision of this court[4] which had specifically held that the MSPB considered disability retirement cases solely under 5 U.S.C. § 8347(d)(1), not at all under § 7701. While the Supreme Court's *Lindahl* decision did not pass directly upon that particular problem, the Court did (a) disagree with several of the reasons this court had given for coming to the conclusion that § 7701 did not apply at all, (b) specifically point out that our *Bronger* decision, 740 F.2d 1552, 1554–56 (1984), and the MSPB itself had applied § 7701 (at least to some extent), and (c) make it clear that the Supreme Court left the issue of § 7701 entirely open. In these circumstances, we think *Williams* should be reexamined anew apart from the emanations of our earlier *Lindahl* decision (which has been superseded by the Supreme Court's

3. The Court held: "Accordingly we conclude that MSPB decisions concerning retirement disability claims are reviewable in the first instance by the Federal Circuit pursuant to the jurisdictional grants in 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9)." —— U.S. at ——, 105 S.Ct. at 1638.

4. The *Williams* opinion said that the "complex jurisdictional and statutory construction issues" before it "were closely tied to and indeed dependent upon the outcome" of this court's *Lindahl* case (718 F.2d at 1554); that "we follow today in *Lindahl*'s footsteps by holding that this

court likewise lacks jurisdiction" over MSPB attorney fee decisions (718 F.2d at 1554); that *Lindahl* had decided for this court that the MSPB considered physical disability cases under section 8347(d), not section 7701(a) (718 F.2d at 1554); and that the *Williams* opinion "follow[s] *Lindahl*'s lead" by examining the plain language of the statute (718 F.2d at 1555). *Williams* also referred to "the plain language of the statute, read in light of *Lindahl*" (718 F.2d at 1556) and rejected an argument because it was too dependent "in light of *Lindahl*" on implication and inference (718 F.2d at 1557).

decision). We now proceed to that reexamination.

First, this court has already specifically held that an employee seeking non-disability retirement falls under § 7701. In *Bronger v. Office of Personnel Management*, 740 F.2d 1552 (1984), we ruled that an employee asking non-disability retirement proceeds before the MSPB under § 7701. 740 F.2d at 1554–56.[5] From the procedural and jurisdictional point of view, there is now absolutely no difference between seekers of non-disability retirement (like Bronger) and those requesting disability retirement. Both types obtain their right to appeal to the MSPB from 5 U.S.C. § 8347(d)(1):

> Subject to paragraph (2) [concerning mental disability] of this subsection, an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter [relating to *all* civil service retirement] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board.

Aside from the "finality clause" of § 8347(c)—which is discussed in *Lindahl* and applies only to physical disability retirement—there is no statutory difference in treatment between *Bronger*'s non-disability retirement claim and present petitioner's disability claim. In particular, there is no statutory difference with respect to the type and course of proceedings within the MSPB (though there is a substantive difference due to the "finality clause"). *Bronger* therefore is precedent of this court that § 7701 applies here—and *Bronger* is now in conflict with *Williams*.

It is also very significant that the MSPB applies § 7701 procedures to retirement claims (including disability ones). *See* 5 C.F.R. § 1201.3(a)(6) and, §§ 1201.11 *et seq.;* and this court's *Lindahl* decision, 718 F.2d at 398–99 ("In connection with appeals to MSPB like Lindahl's, MSPB has by regulation elected to employ § 7701 procedures"). In *Chavez v. Office of Personnel Management*, 6 MSPB 343, 348–49, 6 M.S.P.R. 404, 411–13 (1981), a physical disability retirement claim, the Board said: "Since subsection 8347(d) clearly is a 'law' under which applicants in disability retirement cases may submit an appeal to the Board, said appeals are necessarily governed by Section 7701. * * * The [Civil Service] Reform Act contains no provision for Board consideration of 'appeals,' whether authorized under that Act or under some other statutory or regulatory authority, which are not governed by Section 7701."[6]

The Board's use of § 7701 procedures for retirement cases is especially important because § 8347(d)(1), *supra*—the statute specifically authorizing appeals to the MSPB on retirement matters—provides for such an appeal *"under procedures prescribed by the Board"* [emphasis added]. The procedures prescribed and used are definitely those of § 7701.

Once we recognize that § 7701 applies and has been applied to petitioner's disability retirement claim, we cannot exclude application of subsection (g)(1) of § 7701—set forth *supra*—authorizing attorney fees (at least for employees and applicants for employment) to the prevailing party "in the interest of justice." The statutory terms are all-inclusive; there is no exclusion, in the text of the subsection or its legislative history, of any type or class of case. Retirement claims are necessarily covered, and there is nothing to suggest their omission. The canon that waivers of statutory immunity are strictly construed can have no impact on such a broad and literally-encompassing provision which fully covers the present case.

It has been said by some advocates (*see* the Supreme Court's *Lindahl* opinion, ——

---

5. *Bronger* is now on petition for rehearing by this court, but not on the "jurisdictional" question discussed at 740 F.2d at 1554–56, which includes the discussion of § 7701. The rehearing petition challenges solely the *Bronger* decision on the merits ("The Military Service").

6. Section 7701(a) begins: "An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."

U.S. at ——, 105 S.Ct. at 1633–34) that chapter 77 of Title 5, of which § 7701 is one part, applies only to adverse actions, but the Supreme Court's *Lindahl* decision, invoking § 7703(b)(1) (another part of chapter 77) as giving this court jurisdiction over disability retirement appeals, shows the error of that general postulate. The Board's employment of § 7701 procedures in retirement cases likewise conflicts with that restricted view.

The upshot of our reexamination (in the light of the Supreme Court's *Lindahl* decision and of *Bronger*) is that petitioner is entitled to have her fee application considered by the MSPB under § 7701(g)(1). The case must be remanded to the MSPB for that consideration. Of course, we intimate nothing as to her right to recover under that subsection.

REVERSED AND REMANDED.