**Joseph A. ANTAL, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 84-960.

United States Court of Appeals, Federal Circuit.

Oct. 17, 1985.

Robert J. Matthews, Feasterville, Pa., argued for petitioner.

Calvin M. Morrow, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With him on the brief were Evangeline W. Swift, Gen. Counsel and Mary L. Jennings, Associate Gen. Counsel, for Litigation.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

COWEN, Senior Circuit Judge.

Petitioner seeks review of the final order of the Merit Systems Protection Board (MSPB or Board), Docket No. PH831L8110519, in which the Board held that it has no jurisdiction under 5 U.S.C. § 7701(g) to award attorney's fees in employee-initiated disability retirement cases. For the reasons stated, the decision of the Board is reversed and the case is remanded.

I.

Petitioner applied for disability retirement annuity benefits in 1980 on the ground of mental disability. His application was initially denied by the Office of Personnel Management (OPM), but OPM's decision was reversed by the Board. Petitioner then applied to the Board for an award of attorney's fees, pursuant to 5 U.S.C. § 7701(g)(1). On May 3, 1982, the presiding official granted him an award of $1,717.50, which became final when it was neither appealed by the Government nor reopened by the Board's own motion within the 35-day period mandated by regulation. *See* 5 C.F.R. § 1201.113.

OPM subsequently failed to comply with the Board's order. Petitioner therefore filed a petition to the Board for enforcement of its order in July 1982. This petition was denied by the presiding official, who held, based on the MSPB's recently issued decision, *Vergagni v. OPM,* 11 MSPB 125, 12 M.S.P.R. 494 (1982), that 5 U.S.C. § 7701(g) does not entitle employees to attorney's fees in employee-initiated disability retirement cases. The full Board affirmed but modified this decision, relying instead on a recently issued decision of this court, *Williams v. OPM,* 718 F.2d 1553 (Fed.Cir.1983), to hold that it lacked jurisdiction to grant petitioner attorney's fees. In *Williams,* the court held that the Board lacks authority to grant attorney's fees under 5 U.S.C. § 7701(g)(1) in voluntary physical disability retirement cases, be-

cause the United States had not waived its sovereign immunity in this type of case.

## II.

Subsequent to the Board's decision, the Supreme Court issued its decision in *Lindahl v. OPM*, — U.S. ——, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). This decision overruled the decision of this court, reported at 718 F.2d 391, which was in turn relied on as part of the basis for its decision in *Williams*. In *Simmons v. MSPB*, 768 F.2d 323 (Fed.Cir.1985), this court ruled that the Supreme Court's decision in *Lindahl*, together with this court's jurisdictional holding in another recent case (*Bronger v. OPM*, 740 F.2d 1552 (Fed.Cir.1984)), "sufficiently undermine the foundations of *Williams*" as to call for the conclusion that *Williams* is no longer good law. After examining these cases, as well as MSPB procedures, the court concluded that the Board has jurisdiction to award attorney's fees in voluntary disability retirement cases under 5 U.S.C. § 8347(d)(1).

Petitioner here contends that his claim for disability retirement was involuntary, and therefore covered by 5 U.S.C. § 8347(d)(2). If we were to accept this argument, the Board would without question possess the authority to award petitioner attorney's fees. *See* 5 U.S.C. § 8347(d)(2); *Williams*, 718 F.2d at 1555. Even if we reject this argument, however, and accept the Government's contention that petitioner voluntarily sought disability retirement under 5 U.S.C. § 8347(d)(1), our decision in *Simmons* establishes that the Board has jurisdiction over his appeal, and that this court has jurisdiction over his appeal from the Board.

Consequently, the decision of the MSPB, holding that it lacked the authority to enforce its award of attorney's fees, must be reversed. This case is therefore remanded to the Board for enforcement of its original award, and for the allowance of any additional attorney's fees to which petitioner is entitled.

REVERSED AND REMANDED.