# United States Court of Appeals for the Federal Circuit

2007-3125

RICHARD PERKINS,

Petitioner,

v.

OFFICE OF SPECIAL COUNSEL,

Respondent.

Derek Ludwin, Covington & Burling LLP, of Washington, DC, argued for petitioner. With him on the brief were Lanny A. Breuer and Brent F. Powell.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was Kristin L. Ellis, Senior Attorney, United States Office of Special Counsel, of Washington, DC.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3125

RICHARD PERKINS,

Petitioner,

v.

OFFICE OF SPECIAL COUNSEL,

Respondent.

Petition for review of the Merit Systems Protection Board in CB1216040017-A-1.

_____

DECIDED: April 17, 2008

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and KENNELLY, <u>District Judge</u>.[*]

BRYSON, <u>Circuit Judge</u>.

Petitioner Richard Perkins was the Deputy Chief of Police for the Henderson, Nevada, Police Department. During his time as Deputy Chief of Police, Mr. Perkins served in the Nevada Assembly for District 23 (Clark County). In May 2004, he filed for reelection. The Office of Special Counsel then initiated a proceeding against him before the Merit Systems Protection Board, alleging that by running for reelection as a Democratic candidate in 2002 and by filing for reelection as a Democratic candidate in

---

[*]     The Honorable Matthew Kennelly, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

May 2004, he had violated 5 U.S.C. § 1502(a)(3), a provision of the Hatch Act that applies to state and local government employees.

The administrative judge who was assigned to the case granted summary judgment in favor of Mr. Perkins, finding that he was not covered by the Hatch Act because the Henderson Police Department had put in place a compliance program to shield Mr. Perkins from activities connected to the use of federal funds. Mr. Perkins then filed a petition for attorney fees under 5 U.S.C. § 1204(m). Although the administrative judge ruled that a fee award would be proper, the full Board ruled to the contrary and directed that the fee request be denied. The Board held that state and local employees such as Mr. Perkins are not eligible for attorney fees under section 1204(m). Mr. Perkins now petitions this court for review of the Board's order denying attorney fees. We dismiss the appeal for lack of appellate jurisdiction.

I

In 1939 Congress enacted the Hatch Act in response to concerns about political activity on the part of federal employees. Pub. L. No. 76-410, 53 Stat. 410 (1939). The Act limited federal employees' involvement in political activities in order to protect the merit system of civil service appointment and to ensure a politically neutral civil service. In 1940 Congress extended the Hatch Act's restrictions on political activity to state and local employees whose positions were federally funded in part or in whole. Pub. L. No. 76-753, 54 Stat. 767 (1940). Under the 1940 Act, Congress required federal agencies that provided funds to state and local agencies to report suspected violations of the Hatch Act to the Civil Service Commission. The Commission was authorized to determine whether a violation had occurred and whether the violation warranted the

employee's removal. The Commission could not order a state or local agency to remove an offending employee, but it could order the appropriate federal agency to withhold federal funds in an amount up to twice the offending employee's annual compensation.

The restrictions on the political involvement of state and local employees were significantly loosened by the Federal Election Campaign Act Amendments of 1974, Pub. L. No. 93-443, 88 Stat. 1263. Those amendments eliminated the prohibition against state and local employees taking "an active part in political management or in political campaigns," and instead simply prohibited state and local employees from running for elective office.

The provisions of the Hatch Act that govern the political activities of state and local employees are currently codified at 5 U.S.C §§ 1501-1508 (chapter 15 of title 5). Under sections 1502 and 1503, state and local employees may not (1) use their authority or influence to interfere with or affect the result of an election, (2) coerce, command, or advise a state or local employee to make political contributions, or (3) run for elective office, unless the election involves only nonpartisan candidates. The provisions governing the conduct of federal and District of Columbia employees are codified at 5 U.S.C. §§ 7321-7326 (subchapter III of chapter 73 of title 5).

The Civil Service Commission administered the Hatch Act until 1978. When Congress abolished the Civil Service Commission as part of the Civil Service Reform Act of 1978, it created an independent Special Counsel within the Merit Systems Protection Board and delegated to the Special Counsel the task of enforcing the Hatch Act. Pub. L. No. 95-454, 92 Stat. 1111 (1978). In 1989, as part of the Whistleblower

Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16, Congress changed the name of the Special Counsel to the Office of Special Counsel ("OSC") and made that office a separate agency with litigating authority. The WPA also reorganized the provisions of title 5 relating to that office's authority. After the enactment of the WPA, those provisions were codified at 5 U.S.C. §§ 1211-1219.

Section 1216 of title 5 gives OSC broad authority to investigate a number of matters. Section 1216(a) provides:

> In addition to the authority otherwise provided in this chapter, the Special Counsel shall, except as provided in subsection (b), conduct an investigation of any allegation concerning—
>
> (1) political activity prohibited under subchapter III of chapter 73, relating to political activities by Federal employees;
>
> (2) political activity prohibited under chapter 15, relating to political activities by certain State and local officers and employees;
>
> (3) arbitrary or capricious withholding of information prohibited under section 552, except that the Special Counsel shall make no investigation of any withholding of foreign intelligence or counterintelligence information the disclosure of which is specifically prohibited by law or by Executive order;
>
> (4) activities prohibited by any civil service law, rule, or regulation, including any activity relating to political intrusion in personnel decisionmaking; and
>
> (5) involvement by any employee in any prohibited discrimination found by any court or appropriate administrative authority to have occurred in the course of any personnel action.

Pertinent to this case are paragraphs (a)(1) and (a)(2), which charge OSC with the task of investigating allegations concerning violations of the Hatch Act by federal employees and by state and local employees. Additionally, subsection (c) of section 1216 specifies that OSC may seek corrective action under section 1214 or disciplinary action under section 1215 for activities described in paragraphs (a)(1) and (a)(3) through (a)(5) "in the same way as if a prohibited personnel practice were involved."

If OSC determines that disciplinary action is warranted after an investigation under section 1216, section 1215 provides for OSC to file a complaint. Section 1215(a)(1) states:

> Except as provided in subsection (b), if the Special Counsel determines that disciplinary action should be taken against any employee for having—
>
> (A) committed a prohibited personnel practice,
>
> (B) violated the provisions of any law, rule, or regulation, or engaged in any other conduct within the jurisdiction of the Special Counsel as described in section 1216, or
>
> (C) knowingly and willfully refused or failed to comply with an order of the Merit Systems Protection Board,
>
> the Special Counsel shall prepare a written complaint against the employee containing the Special Counsel's determination, together with a statement of supporting facts, and present the complaint and statement to the employee and the Board, in accordance with this subsection.

Section 1215(a)(2) provides procedural safeguards for employees subject to a disciplinary action proceeding, including reasonable time to respond to a complaint, representation by an attorney, a hearing before the Board, a transcript of the hearing, and a written decision. After a hearing, the Board "may impose disciplinary action consisting of removal, reduction in grade, debarment from Federal employment for a period not to exceed 5 years, suspension, reprimand, or an assessment of a civil penalty not to exceed $1,000." 5 U.S.C. § 1215(a)(3). Section 1215(a)(4) provides for review in this court of any final order from the Board imposing disciplinary action. For cases in which OSC alleges that a state or local employee has engaged in activity prohibited by the Hatch Act, section 1215(a)(5) states: "In the case of any State or local officer or employee under chapter 15, the Board shall consider the case in accordance with the provisions of such chapter."

As indicated, chapter 15 provides a set of procedures applicable to cases involving state or local employees. Section 1504 states that OSC shall investigate reports from federal agencies regarding potential violations of section 1502, and that it shall present its findings and any charges to the Board. After a hearing, section 1505 requires the Board to (1) determine whether a violation of section 1502 has occurred, (2) determine whether the violation warrants removal, and (3) notify the state or local agency and employee of its determination. If the Board notifies a state or local agency that removal is appropriate but the state or local agency does not remove the employee, section 1506 authorizes the Board to order the appropriate federal agency to withhold federal funding. Finally, section 1508 provides for judicial review of an order or determination under sections 1504, 1505, and 1506 in the United States District Court for the district in which the state or local employee resides.

The issue in this case is whether Mr. Perkins is eligible to receive attorney fees in connection with his successful defense in OSC's proceeding against him. For cases arising under the Board's appellate jurisdiction, section 7701(g)(1) authorizes the Board to award attorney fees in "any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit." In Frazier v. Merit Systems Protection Board, the Court of Appeals for the D.C. Circuit held that section 7701(g)(1) authorized the Board to award attorney fees to employees appearing before the Board in a corrective action proceeding brought by the Special Counsel. 672 F.2d 150, 170 (D.C. Cir. 1982). In Saldana v. Merit Systems Protection Board, however, we concluded that section 7701(g)(1) does not authorize the Board to award attorney fees to employees appearing before the Board in disciplinary

action proceedings. 766 F.2d 514, 518 (Fed. Cir. 1985). We reached that conclusion because, "[u]nder 5 U.S.C. § 1207(a) [(1982)], employees against whom complaints are filed by the Special Counsel have various procedural rights, including: a reasonable time to answer the complaint, a hearing on the record, representation by counsel, and a written decision." Section 1207(a), which is now codified at 5 U.S.C. § 1215(a)(2), did not include a right to attorney fees.

In 1994, Congress authorized the Board to award attorney fees to employees who succeed in disciplinary action proceedings initiated by OSC. Pub. L. No. 103-424, 108 Stat. 4361, § 2 (codified at 5 U.S.C. § 1204(m)). The language of section 1204(m) mirrors the language of section 7701(g)(1), but specifies that the Board may award attorney fees to "employees" in cases "arising under section 1215." Congress did not specify in section 1204(m) whether state or local employees in proceedings under chapter 15 are likewise entitled to attorney fees, nor did it provide a parallel provision for attorney fees in chapter 15. As Mr. Perkins is an employee of a local police department, his eligibility for attorney fees for the proceedings before the Board depends on whether section 1204(m) extends to state and local employees. [1]

---

[1] A state or local employee may be able to obtain attorney fees under the Equal Access to Justice Act ("EAJA") for proceedings in a district court action to review the merits of a decision by the Board. See 28 U.S.C. § 2412(d)(1) (permitting EAJA fee award to prevailing party in proceeding for judicial review of agency action). Mr. Perkins, however, seeks an award of attorney fees incurred in proceedings before the Board, rather than attorney fees incurred in proceedings before a reviewing court. Mr. Perkins has not argued that he is entitled to fees under the authority of 5 U.S.C. § 504, the portion of EAJA that applies to fee requests by prevailing parties in adversary agency adjudications.

As an initial matter, OSC argues that this court lacks jurisdiction to entertain Mr. Perkins' petition for review. Citing the definition of "employee" in 5 U.S.C. § 2105, OSC contends that we lack jurisdiction because Mr. Perkins is not an "employee" and thus has no right of appeal under section 7703(a) of title 5. Instead, OSC asserts that jurisdiction lies with the district court in which Mr. Perkins resides because, under 5 U.S.C. § 1508, that is where Mr. Perkins would have sought review of a decision on the merits if the Board had found a violation of section 1502. Mr. Perkins responds that he is an "employee" under section 7703(a) because he is an "employee" under section 1215. We agree with Mr. Perkins that he would qualify as an "employee" under section 7703(a) if he could establish that he is an "employee" under section 1215. We therefore conclude that we are required to address that legal issue in the course of deciding whether we have jurisdiction over the appeal in this case.

III

Section 1204(m) provides that the Board, or an administrative law judge or other employee of the Board designated to hear a case "arising under" section 1215, may require an agency to pay attorney fees incurred by an "employee" or "applicant for employment" if the employee or applicant is the prevailing party and the adjudicator determines that payment by the agency is warranted in the interest of justice. 5 U.S.C. § 1204(m)(1). In order to be entitled to a fee award, Mr. Perkins was thus required to show that he is an "employee" within the meaning of that statute and that the case in which he is seeking fees "arose under" section 1215.

The general definition of "employee" for purposes of title 5 is found in 5 U.S.C. § 2105. That definition states that, "except as otherwise provided by this section or when specifically modified," the term "employee" refers to persons who are appointed in the federal civil service, who are engaged in the performance of a federal function under federal authority, or who are subject to the supervision of a federal officer. Mr. Perkins acknowledges that he is not an employee under the general definition of "employee" in section 2105. He argues, however, that the general definition of "employee" is "specifically modified" by section 1215 to include state or local employees and that he is therefore an "employee" for purposes of section 1215 and, by extension, for purposes of section 1204(m).

We find unconvincing Mr. Perkins' argument that the definition of "employee" in section 2105 has been "specifically modified" by section 1215 to include state or local employees. Mr. Perkins' argument rests on two provisions of section 1215. First, he points to section 1215(a)(5), which provides that "[i]n the case of any State or local officer or employee under chapter 15 [the chapter containing the provisions of the Hatch Act applicable to state and local employees], the Board shall consider the case in accordance with the provisions of such chapter." The reference to "State or local officer or employee," according to Mr. Perkins, indicates both that state and local employees are "employees" for purposes of section 1215, and that a Hatch Act action against a state and local employee arises under section 1215 for purposes of section 1204(m).

Neither contention holds water. Nothing about the reference to state and local employees in section 1215(a)(5) indicates that Congress intended to modify the definition of employee for purposes of section 1215(a)(1). In particular, nothing in

section 1215 "specifically modifie[s]" the definition of "employee" in section 2105 to include state and local employees. Section 1215 reads quite sensibly without straining the language of the statute in that manner: paragraphs (a)(1) through (a)(4) contain provisions describing the process of adjudication of complaints against federal employees from complaint through decision and judicial review. Section 1215(a)(5) then states that in a case involving state or local employees, the Board will consider the case under chapter 15. Chapter 15 sets forth both the substantive prohibitions of the Hatch Act as applied to state and local employees, 5 U.S.C. §§ 1502-1503, and also the procedures to be followed in state and local cases from investigation through decision and judicial review, id. §§ 1504-1508. The procedures set forth in chapter 15 differ in various respects from the procedures set forth in section 1215; the differences make clear that the reference to state and local employees in section 1215(a)(5) did not make section 1215 applicable to state and local employees, but simply served to direct those concerned with proceedings involving state and local employees to a different portion of title 5, i.e., chapter 15. Thus, there is nothing in section 1215(a)(5) that converts state and local employees into "employees" within the meaning of section 2105, and section 1215(a)(5) does not support Mr. Perkins' contention that actions against state and local employees "arise under" section 1215.

The second provision of section 1215 on which Mr. Perkins relies is section 1215(a)(1)(B), which states that the Special Counsel shall file a complaint against an employee upon determining that disciplinary action should be taken against the employee for having violated "the provisions of any law, rule, or regulation, or engaged in any other conduct within the jurisdiction of the Special Counsel as described in

section 1216." 5 U.S.C. § 1215(a)(1)(B). Section 1216 describes various matters within the jurisdiction of the Special Counsel, including, <u>inter alia</u>, Hatch Act violations by federal employees and Hatch Act violations by state and local employees. Mr. Perkins argues that because section 1216(a)(2) gives OSC authority to investigate the political activities of state and local employees, the reference to section 1216 in section 1215(a)(1)(B) must mean that state and local employees fall within the definition of "employee" under section 2105.

That conclusion does not follow at all. Section 1215 authorizes the Special Counsel to file a complaint against an "employee" for having engaged in conduct within the jurisdiction of the Special Counsel under section 1216. That simply means that the employee must have committed one of the acts listed in section 1216 that can be committed by a federal employee. It does not mean that one should examine all of the violations referred to in section 1216 and then construe the term "employee" in section 1215(a)(1)(B) broadly enough that all of the violations listed in section 1216 could be committed by some employees under section 1215. That would amount to reading the statutes backwards.

Because the jurisdiction of the Special Counsel extends to persons other than federal employees, it is not surprising that section 1216, which describes the Special Counsel's investigative authority, would include references to violations that can be committed by persons other than federal employees. But that does not mean that the term "employee" in section 1215, which deals with the procedures applicable in disciplinary action cases against federal employees, must be interpreted to include state

and local officers and employees, even though they are not subject to the "disciplinary actions" that the Board may impose under section 1215(a)(3).

Mr. Perkins' interpretation of section 1215 would create a conflict between the provisions of chapter 15 and paragraphs (a)(3) and (a)(4) of section 1215. Paragraph (a)(3) of section 1215 provides that "[a] final order of the Board may impose disciplinary action consisting of removal, reduction in grade, debarment from Federal employment for a period not to exceed 5 years, suspension, reprimand, or an assessment of a civil penalty not to exceed $1,000." Under chapter 15, however, the Board's authority is limited to ordering funds to be withheld from a state or local agency that declines to remove an employee after receiving notice from the Board that the employee violated section 1502 and that removal is warranted. See 5 U.S.C §§ 1505, 1506. Additionally, paragraph (a)(4) of section 1215 states that "[a]n employee subject to a final order imposing disciplinary action under this subsection may obtain judicial review" in this court. Chapter 15, however, provides for judicial review of determinations or orders under sections 1504, 1505, and 1506 in the district court in which the employee resides. 5 U.S.C. § 1508.

Mr. Perkins deals with that conflict by asserting that section 1215(a)(1) authorizes OSC to initiate proceedings against state or local employees by filing a complaint, and that section 1215(a)(5) instructs the Board, once a complaint has been filed, to follow the provisions of chapter 15. Mr. Perkins argues that, as long as paragraphs (a)(2) through (a)(4) are understood to apply only to federal employees while paragraphs (a)(1) and (a)(5) are understood to apply to state or local employees, his interpretation of section 1215 does not conflict with any provisions of chapter 15.

Mr. Perkins' interpretation of section 1215 is not persuasive. First, it is difficult to accept the argument that Mr. Perkins is an "employee" for the purposes of paragraphs (a)(1) and (a)(5), but not an "employee" for any of the paragraphs in between, as the same term, "employee" is used in each of paragraphs (a)(1), (a)(2), (a)(4), and (a)(5). Second, the argument that section 1215(a)(1) governs the filing of a complaint in state and local employee cases and that chapter 15 governs Board proceedings thereafter is unconvincing because chapter 15 addresses not only the procedures to be followed before the Board after a complaint is filed, but also the procedures leading up to the OSC's filing of findings and charges with the Board in state and local employee cases. See 5 U.S.C. § 1504. The simple and straightforward response to Mr. Perkins' Ptolemaic interpretation of the interaction of section 1215 and chapter 15 is that when section 1215 refers to "employees" it refers to federal employees, as defined in section 2105, and when it refers to "State or local officer or employee," it refers to state and local employees. See 5 U.S.C. § 1501(4) ("'State or local officer or employee' means an individual employed by a State or local agency . . . ."). Read in that manner, section 1215 gives no support to Mr. Perkins' contention that he should be regarded as an "employee" for purposes of section 1215 and that the action against him should be regarded as arising under section 1215.[2]

---

[2]     Although it bears on the merits rather than on this court's jurisdiction, it is worth noting that even if we were to accept Mr. Perkins' argument that he is an "employee" for purposes of section 1215 and that the action against him arose under section 1215, he would still not necessarily be an "employee" within the scope of section 1204(m). Suppose, for instance, that section 1215(a)(1) had been worded to provide that the Special Counsel shall file a complaint with the Board if it "determines that disciplinary action should be taken against any employee, or any state or local officer or employee." If that were the case, it would be clear that the complaint against Mr.

In sum, we conclude that Mr. Perkins is not an "employee" under section 1215. Because he is not an "employee" for purposes of that provision, there is no basis on which to argue that he is an "employee" for purposes of section 7703, which defines this court's jurisdiction to review decisions of the Merit Systems Protection Board.[3] Because we conclude that Mr. Perkins is not an "employee" for purposes of section 7703, we are required to dismiss this appeal for lack of jurisdiction.

<u>DISMISSED</u>.

---

Perkins would have been filed under section 1215. But it would by no means be clear that Congress had waived sovereign immunity in section 1204(m) to allow the Board to award attorney fees to state or local employees. Mr. Perkins contends that we should infer that Congress intended the definition of "employee" in section 1204(m) to track the meaning of the term "employee" in section 1215(a)(1). But we have consistently stated that we may not infer waivers of sovereign immunity. <u>See, e.g.</u>, <u>Orlando Food Corp. v. United States</u>, 423 F.3d 1318, 1321 (Fed. Cir. 2005); <u>Saldana v. Merit Sys. Prot. Bd.</u>, 766 F.2d 514, 516 (Fed. Cir. 1985); <u>see also</u> <u>Library of Cong. v. Shaw</u>, 478 U.S. 310, 314 (1986).

[3] At oral argument, the parties alluded to the problem of applying the statutory provisions discussed in this case to District of Columbia employees. It would be inappropriate in this opinion to discuss in detail the status of proceedings against District of Columbia employees, an issue that has not been briefed and is not presented in this case; it is sufficient for present purposes to point out that 5 U.S.C. § 7322(1)(C) differs from section 1215 in that it specifically defines District of Columbia employees as "employees" for purposes of the subchapter that contains the provisions of the Hatch Act applicable to federal and District of Columbia employees.