**MARTINS FERRY HOSPITAL ASSOCI-ATION, Plaintiff-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, John Fanning, and Bernard Levine, Defendants-Appellees.**

No. 80–3118.

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1981.

Decided July 17, 1981.

Dennis Grant, Bricklet & Eckler, G. Roger King, Columbus, Ohio, for plaintiff-appellant.

John Kollar and Paul Lund, Region 8, N.L.R.B., Cleveland, Ohio, Christine Weiner, Atty., N.L.R.B., Washington, D. C., for defendants-appellees.

Before WEICK, KENNEDY and MARTIN, Circuit Judges.

PER CURIAM.

The sole issue in this case is whether section 11(1) of the National Labor Relations Act, 29 U.S.C. § 161(1) requires the National Labor Relations Board to issue subpoenas to a requesting party during the investigative phase of an unfair labor practice proceeding.

Martins Ferry Hospital Association operates a hospital in Martins Ferry, Ohio. On December 16, 1976, the Board conducted elections in three voting units at the hospital. A majority of the eligible voters in each unit voted against any union representation. On January 24, 1977, one of the unions which lost the election filed an unfair labor practice charge, alleging that the Hospital violated sections 8(a)(1), (2), (3), and (5) of the Act. The union further alleged that it represented a majority of the employees in the appropriate units, as evidenced by signed authorization cards.

The General Counsel began to investigate the charge, including the allegation of ma-

**456**

jority support. In order to authenticate the signatures on the authorization cards, the Board, at the General Counsel's request, issued to a field examiner a subpoena duces tecum directing the Hospital to produce IRS W–4 forms or other documents bearing employee signatures. This case involves the Hospital's request that the Board issue to it subpoenas comparable to the one issued to the Board's field examiner. The Hospital would like subpoenas directing the field examiner and the unions involved in the unfair labor practice proceedings to turn over the originals or true copies of all authorization cards signed by the Hospital's employees during the pre-election period under investigation. On July 25, 1978, the Acting Regional Director denied the request.

The Hospital subsequently filed this action in the District Court for mandamus relief under 28 U.S.C. § 1361, seeking an order compelling the Board to issue the subpoenas requested by the Hospital. The District Court concluded that the Hospital failed to prove that the Board had a clearly established and plainly defined duty to issue the subpoenas. The Court noted that the Board had a mandatory duty under section 11(1) to issue subpoenas upon application of "any party to such proceedings." However, it determined that the Board's interpretation of the provision—that "proceedings" begin only after the Board has issued a complaint in the case—is not clearly wrong. Because the duty alleged by the plaintiff is not indisputable and peremptory, and because the court's mandamus jurisdiction under 28 U.S.C. § 1361 is contingent upon a proper showing of a right to relief, the District Court dismissed the case with prejudice.

We affirm. As pointed out by the District Court, this court has outlined the scope of traditional mandamus relief: "Before petitioner may resort to the extraordinary writ of mandamus, he must establish that he has a clear and certain right and that the duties of the respondent are ministerial, plainly defined and peremptory." *United States v. Battisti*, 486 F.2d 961, 964 (6th Cir. 1973), citing *Albert v. United States Dis-*

*trict Court for Western District of Michigan*, 283 F.2d 61, 62 (6th Cir. 1960). We agree that the word "proceeding" in section 11(1) is not without ambiguity, and that the duty which the Hospital contends is imposed by section 11(1) is not so clearly established that the Hospital is entitled to mandamus relief.

Accordingly, the judgment of the District Court is affirmed.