**Carol MACZKO, Plaintiff-Appellant,**

v.

**Terrence JOYCE, Officer in Charge, United States Postal Service, Defendant-Appellee.**

**No. 86–3296.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1987.

Decided March 20, 1987.

---

Judith A. Nicely, argued, Michael J. Jalbert, Nicely & Wagner, Akron, Ohio, for plaintiff-appellant.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio, Lori Joan Dym, argued, Office of Labor Law, Washington, D.C., for defendant-appellee.

Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff-appellant Carol Maczko appeals from the district court's order dismissing her request for a writ of mandamus. The district court held that it lacked subject matter jurisdiction to issue a writ. For the reasons which follow, we affirm.

I.

Appellant began working at the United States Postal Service in Akron, Ohio, in November 1977. On two occasions in 1979 and 1980, she was hospitalized for a condition which was subsequently diagnosed as thrombophlebitis. When she requested to be reinstated to her former position in July 1981, the Postal Service denied her request. Thereafter, appellant filed a complaint with the EEOC alleging handicapped discrimination. Although the complaint was initially denied, a complaints examiner, after conducting a hearing on appellant's complaint, recommended on September 28, 1984, a finding of discrimination. Further, the complaints examiner recommended that, "the Complainant be reinstated with reasonable accommodation; be awarded backpay, seniority and benefits that may have accrued since the effective date of the denial of the Complainant's request for light duty deducting any duplicative award the Complainant may have received prior to the issuance of this decision." The Postal Service adopted this decision on December 15, 1984. No appeal was taken, and no further proceedings to clarify the EEOC's decision ensued.

Appellant filed the instant petition in the United States District Court for the Northern District of Ohio on August 23, 1985. She alleged that the Postal Service had failed to comply with the EEOC's recommended corrective action in that she had not received backpay and she had not been reasonably accommodated. Her petition requested that a writ of mandamus be issued compelling the Postal Service to comply with the EEOC decision. Although the Postal Service paid appellant $46,423 subsequent to the filing of her complaint, appellant has consistently maintained that the EEOC's decision entitles her to approximately $112,490 in backpay.

Defendant filed a motion to dismiss appellant's complaint for lack of subject matter jurisdiction, which motion was granted by the district court on February 27, 1986. The court first noted that the All Writs Act, 28 U.S.C. § 1651, did not confer subject matter jurisdiction on federal courts,

but only conferred authority to issue writs if an independent basis for subject matter jurisdiction exists. The court next concluded that jurisdiction did not exist under 28 U.S.C. § 1361 because appellant's request did not involve "the mere ministerial or mandatory duty of a federal official." Further, the court reasoned that jurisdiction to issue a writ of mandamus did not exist under section 1361 when the claim involved unliquidated damages. Finally, the court held that subject matter jurisdiction did not exist under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, because appellant had failed to comply with the procedural requirements of that statute.

## II.

On appeal, appellant maintains that subject matter jurisdiction exists under either 28 U.S.C. §§ 1651(a) or 1361, or under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*[1] We reject her assertions.

■ As an initial matter, we note that, before the district court, appellant did not raise the Rehabilitation Act as a basis for establishing jurisdiction. Accordingly, we decline to address this argument for the first time on appeal. *See Sigmon Fuel Co. v. TVA*, 754 F.2d 162, 164–65 (6th Cir.1985).

■ Second, we note that the district court was correct in observing that it is well settled that a federal court must have an independent basis for subject matter jurisdiction for a writ of mandamus to be issued pursuant to 28 U.S.C. § 1651(a).[2] *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970). Accordingly, if subject matter jurisdiction exists in the instant case, it must be established under 28 U.S.C. § 1361.

■ Section 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff. *See Vishnevsky v. United States*, 581 F.2d 1249, 1253 n. 4 (7th Cir.1978).

For there to be a "duty owed to the plaintiff" within the meaning of section 1361, there must be a "mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not 'owed.'" *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir.1975). A duty is not "owed" unless the obligation is "'plainly defined and peremptory.'" *United States v. Battisti*, 486 F.2d 961, 964 (6th Cir.1973) (quoting *Albert v. United States Dist. Court*, 283 F.2d 61, 62 (6th Cir.1960), *cert. denied*, 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 706 (1961)). *See also Martins Ferry Hosp. Ass'n v. NLRB*, 654 F.2d 455, 456 (6th Cir.) (per curiam), *cert. denied*, 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981); *Vishnevsky*, 581 F.2d at 1253.

■ Although the Postal Service had a duty to comply with the EEOC decision, the terms of that order are not readily ascertainable; in fact, the parties disagree as to the meaning of the final order concerning the amount of backpay required. We conclude that when a duty is disputed or subject to various interpretations, for instance when unliquidated damages are involved, the duty is not "owed" in that the obligation to do a particular act cannot be said to be clear, peremptory, defined or ministerial within the meaning of section 1361. *See Pope v. United States*, 9 Cl.Ct. 479 (1986) (no jurisdiction under section 1361 to

---

1. Appellant no longer asserts that subject matter jurisdiction exists pursuant to Title VII.

2. Section 1651(a) provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

mandamus payment for unliquidated damages); *Hudiburgh v. United States,* 626 F.2d 813, 814 (10th Cir.1980); *Spaulding v. Nielsen,* 599 F.2d 728, 730 (5th Cir.1979) (per curiam). Since appellant seeks a writ of mandamus to enforce a provision of an EEOC decision which is subject to differing interpretations and is in fact disputed, we conclude that subject matter jurisdiction does not exist under section 1361.

Accordingly, we AFFIRM the judgment of the district court dismissing appellant's petition for lack of jurisdiction.