52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick C. HYDE, Petitioner-Appellant,
v.
OFFICE OF SPECIAL COUNSEL; Kathleen Day Koch, Special
Counsel, in her official capacity only,
Respondents-Appellees.
 No. 94-1406.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an order of the district court denying a writ of mandamus under 28 U.S.C. 1361. See id. ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel a[ ] [federal] officer ... to perform a duty owed to the plaintiff."). We review the denial of mandamus for an abuse of discretion, see Franchi v. Manbeck, 972 F.2d 1283, 1289 (Fed. Cir.1992); see, e.g., Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir.1991), although we consider de novo whether the legal prerequisites for such relief are present, see Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987); see also Marathon Oil, 937 F.2d at 500 (" 'Once the conditions [for issuing the writ] are satisfied, the Court has stated that the matter is largely one within the discretion of the issuing court.' ") (quoting DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir.1982)). With these standards in mind, we affirm the district court for substantially the reasons stated in its order.
 
 
 3
 This action derives from an unfavorable pay classification decision made by petitioner's employer, the United States Department of the Air Force, with respect to his position as a law instructor. Petitioner initially challenged the decision in a federal suit raising administrative review, tort, and constitutional claims, but the district court dismissed the action and directed petitioner to seek review by the Office of Special Counsel (OSC) as his exclusive remedy under the Civil Service Reform Act (CSRA).[2] See R. doc. 1, exhibits A, B, C.
 
 
 4
 Petitioner did seek review by the OSC. However, once his administrative complaint was resolved adversely, petitioner filed the instant petition seeking an order from the district court requiring the OSC to, in effect, reconsider and resolve the complaint in his favor. The district court held that its authority was limited to determining whether the OSC had discharged its statutory obligations of investigation[3] and notice/explanation of result,[4] and concluded that the record established the OSC's execution of these duties.
 
 
 5
 Petitioner's appellate argument primarily concerns the correctness or propriety of his pay classification. We agree with the district court that federal court review on the merits of that question is simply not available. See Towers v. Horner, 791 F.2d 1244, 1246-47 (5th Cir.1986); see also Stephens v. Department of Health & Human Servs., 901 F.2d 1571, 1572-73 (11th Cir.), cert. denied, 498 U.S. 998 (1990); Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir.1990). Rather, our authority goes no further than ensuring that the OSC complied with its statutory obligations noted above. See DeLeonardis v. Weiseman, 986 F.2d 725, 727 (5th Cir.) (per curiam), cert. denied, 114 S.Ct. 69 (1993); Veit v. Heckler, 746 F.2d 508, 510-11 (9th Cir.1984)(quoting Carducci v. Regan, 714 F.2d 171, 175 (D.C.Cir.1983)); cf. Ryon, 894 F.2d at 205 n. 3 (stating that whether mandamus is available to enforce the OSC's investigatory duty is "open question" in Sixth Circuit).
 
 
 6
 Reno v. Catholic Social Services Inc., 113 S.Ct. 2485 (1993), cited generally by petitioner as a source of "guidance regarding judicial review of agency action," but with no explanation of its particular relevance here, see Attached Statement for the Appellant's Opening Brief at 3, does not undermine the ample, established body of case law we rely upon. Even if the Supreme Court's interpretation of the Immigration Reform and Control Act in that case were somehow pertinent to our analysis of the CSRA, the Court simply recognized that restrictions on judicial review of particular administrative decisions (INS denials of status-adjustment applications) do not necessarily preclude federal court jurisdiction over broad-based actions "challenging the legality of a regulation without referring to or relying on the denial of any individual application." Reno, 113 S.Ct. at 2495 (emphasis added). This principle is of no avail to petitioner, who objects to a specific pay classification decision and the adverse disposition of a particular administrative complaint.
 
 
 7
 Addressing the adequacy of the OSC's investigation of petitioner's complaint, the district court stated:
 
 
 8
 The record shows ... that the OSC reviewed lengthy documentation provided by the petitioner, interviewed personnel responsible for managing the position classification process, prepared written summaries of its findings, and deliberated over the correct job classification and salary grade for petitioner's position. I find and conclude that the OSC has wide discretion in conducting its investigations, and that its investigation was sufficient to determine whether a prohibited personnel practice existed.
 
 
 9
 R. doc. 7, at 4. The court continued with an assessment of the notice/explanation of result provided by the OSC:
 
 
 10
 Finally, the petitioner alleges that the notice he received from the OSC regarding its decision to terminate the investigation fails to state 'favorable and unfavorable facts' as required by 1214(a)(2)(A). However, a review of the March 15, 1993 letter written to the petitioner, reveals that it states relevant facts disclosed during the OSC investigation. The OSC cannot be required to state facts favorable to the petitioner's position if no such facts exist.
 
 
 11
 Id. at 5.
 
 
 12
 On appeal, petitioner does not challenge the district court's summary of the OSC's substantial investigatory activities, which tracks an uncontroverted affidavit submitted by the OSC, or the court's description of the OSC's adequate notice of termination, which is borne out by the March 15, 1993 letter in our record. Indeed, as we have already noted, petitioner's appellate argument is misdirected at the underlying pay classification decision that is beyond our purview.
 
 
 13
 To qualify for mandamus relief, a petitioner must identify "a plainly defined and peremptory duty on the part of respondent to do the action in question" and demonstrate "that his right to the writ [to compel such action] is 'clear and indisputable.' " Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir.1990) (citations omitted). Under the circumstances outlined herein, we agree with the district court that petitioner has failed to substantiate any entitlement to the relief requested.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 With respect to prohibited personnel practices under the Act, the OSC has the authority to recommend that the offending agency take appropriate corrective action and, if the agency refuses, to petition the Merit Systems Protection Board to order that such action be taken. See 5 U.S.C. 1214(b)(2)
 
 
 [3]
 The OSC must investigate complaints "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. 1214(a)(1)(A)
 
 
 [4]
 Upon terminating an investigation, the OSC "shall prepare and transmit ... a written statement notifying the [complainant] of--(i) the termination of the investigation; (ii) a summary of relevant facts ascertained by [the OSC] ...; [and] (iii) the reasons for terminating the investigation." 5 U.S.C. 1214(a)(2)(A)