RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0060p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JOSEPH P. CARSON,

            *Plaintiff-Appellant,*

    *v.*

UNITED STATES OFFICE OF SPECIAL
COUNSEL,

             *Defendant-Appellee.*

No. 09-5645

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 08-00330—Thomas W. Phillips, District Judge.

Decided and Filed: February 24, 2011

Before: MARTIN, BOGGS, and COOK, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Loretta S. Harber, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. Joseph P. Carson, Knoxville, Tennessee, pro se. David B. Nolan, Alexandria, Virginia, for Amici Curiae.

_____

**OPINION**

_____

    BOYCE F. MARTIN, JR., Circuit Judge. Pro se litigant Joseph P. Carson sought a writ of mandamus to compel the Office of Special Counsel to investigate complaints that he filed and to make reports to the Department of Energy. The district court dismissed his action and denied his motion to amend his complaint. We **AFFIRM** the decision of the district court.

1

# I. BACKGROUND

Carson is employed as a nuclear safety engineer at the Department of Energy. Since 1992, he has filed twenty-five complaints with the Office of Special Counsel, an independent investigatory and prosecutorial agency that is charged with, among other things, investigating complaints under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.). Carson also has filed six mandamus actions against the Office of Special Counsel, five of which have been filed in and dismissed by the United States District Court for the District of Columbia. He filed the instant lawsuit in August 2008, seeking an order compelling the Office of Special Counsel to investigate complaints that he filed and to make reports to the Department of Energy.

The Office of Special Counsel investigates two kinds of complaints filed by federal employees that are relevant to this case. First, it "shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred." 5 U.S.C. § 1214(a)(1)(A) (1994). Under the Act, it is a "prohibited personnel practice" for a government agency to take a "personnel action" against an employee because of his disclosure of illegal activity or of "gross mismanagement, a gross waste of funds, . . . or a substantial and specific danger to public health or safety." *Id.* § 2302(b)(8). Second, the Office of Special Counsel "shall . . . conduct an investigation of any allegation concerning . . . activities prohibited by any civil service law, rule, or regulation." *Id.* § 1216(a)(4).

An employee who wishes to report a prohibited personnel practice or prohibited activity must first complain to the Office of Special Counsel. *See* 5 C.F.R. § 1800.1(c)(1) (2010). The initial investigation into both these types of complaints is conducted by the Office of Special Counsel's Complaints Examining Unit. *See id.* § 1800.1(c)(4). After an initial investigation, the Unit either refers the complaint to the Investigation and Prosecution Division or closes the complaint.

Section 1214 provides additional procedures governing the investigation of prohibited personnel practices. While an investigation is pending, the Office of Special Counsel must provide written status updates to the complainant. *See* 5 U.S.C. § 1214(a)(1)(C). If the Office of Special Counsel determines that a prohibited personnel practice has occurred, it must report its findings to the Merit Systems Protection Board, and it may petition the Board to take action on behalf of the employee. *See id.* § 1214(b)(2)(B)-(C). Even if the Office of Special Counsel's investigation does not support the employee's complaint, the employee still may bring an individual action before the Merit Systems Protection Board. *See id.* § 1221. In either case, the decision of the Merit Systems Protection Board—but not that of the Office of Special Counsel—is appealable to the Court of Appeals for the Federal Circuit. *See id.* § 7703.

Unlike the mandatory procedures governing prohibited personnel practice complaints, section 1216, which governs prohibited activity complaints, provides that "[i]f the Special Counsel receives an allegation concerning any matter under [section 1216(a)(4)], the Special Counsel *may* investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved." *Id.* § 1216(c) (emphasis added).

This appeal involves five complaints made by Carson: four prohibited activity complaints, and one prohibited personnel practice complaint.

Complaints MA-08-1842, MA-08-1843, and MA-08-2553 allege various prohibited activities. MA-08-1842 alleges that the Department of Energy materially breached a settlement agreement. MA-08-1843 alleges that the Department of Energy violated its grievance policy and procedures in failing to process several grievances that Carson presented. MA-08-2553 alleges that Carson's managers and colleagues violated a Department of Energy Order in making false statements about him. The Complaints Examining Unit investigated each of these complaints by reviewing the information that Carson provided and conducting legal research. The Office of Special Counsel terminated the investigations because it found that there was insufficient evidence of any activities prohibited by civil service law, rule, or regulation to warrant further action.

Complaint MA 08-1844, a prohibited activity complaint, and complaint MA-07-1668, a prohibited personnel practice complaint, both allege that the Department of Energy delayed nine months in providing Carson corrective action ordered by the Merit Systems Protection Board. The Office of Special Counsel investigated these complaints jointly and later terminated its investigation.

After Carson filed a petition for a writ of mandamus regarding two complaints and moved to supplement it several times, the district court ordered him to file a single, definitive, amended petition. Carson filed an Amended Petition on November 20, 2008. The Office of Special Counsel moved to dismiss his Amended Petition on January 23, 2009. On February 9, Carson moved to amend his Amended Petition, seeking to add new claims about complaints MA-07-1668 and MA-08-1844. The district court granted the Office of Special Counsel's motion to dismiss and denied Carson leave to amend on May 11. Carson appeals.

## II. CARSON'S PETITION FOR A WRIT OF MANDAMUS

### A. Subject Matter Jurisdiction in General

A court of appeals "must determine its own jurisdiction and is bound to do so in every instance." *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). We have jurisdiction over this appeal if the district court had jurisdiction over this action. *See Weber v. United States*, 209 F.3d 756, 759 (D.C. Cir. 2000). The district court effectively concluded that it had subject matter jurisdiction to issue a writ of mandamus if it determined that the Office of Special Counsel violated a non-discretionary duty to investigate Carson's allegations. We review a district court's findings as to whether it had subject matter jurisdiction de novo. *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991).

Mandamus jurisdiction in federal courts is codified at 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under

section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (internal quotation marks and citation omitted). Mandamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary. *See, e.g.*, *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

We have never decided whether a district court may issue a writ of mandamus against the Office of Special Counsel for failure to investigate a claim. *See Ryon v. O'Neill*, 894 F.2d 199, 205 n.3 (6th Cir. 1990) (stating that whether mandamus is available to enforce the Office of Special Counsel's investigatory duty is an "open question" in the Sixth Circuit). However, the District of Columbia Circuit has concluded that a district court does have subject matter jurisdiction to issue a writ of mandamus if it determines that the Office of Special Counsel violated a non-discretionary statutory duty to investigate an employee's allegations. *See Weber*, 209 F.3d at 759. The District of Columbia Circuit reasoned that because the Federal Circuit has authority to review only Merit Systems Protection Board decisions and not Office of Special Counsel decisions, "if district courts lacked power to issue the writ, judicial review of [Office of Special Counsel] actions would not be available." *Id.* Similarly, the Fifth Circuit has held that federal courts have authority to ensure that the Office of Special Counsel complies with its statutory obligations. *See DeLeonardis v. Weiseman*, 986 F.2d 725, 727 (5th Cir. 1993) ("[A]n employee's right to obtain judicial review of the [Office of Special Counsel's] decision not to pursue a complaint is limited to [the question of] whether the [Office of Special Counsel] discharged its duty to investigate the complaint.") (second alteration in original) (internal quotation marks and citation omitted); *accord Nowick v. Strickland*, Nos. 98-1206, 98-1207, 98-1212, 1999 WL

282389, at *3 (10th Cir. Apr. 30, 1999) (noting its authority to ensure that the Office of Special Counsel complied with its statutory obligations); *Hyde v. Office of Special Counsel*, No. 94-1406, 1995 WL 238340, at *1 (10th Cir. Apr. 21, 1995) (same). We find the reasoning of our sister circuits persuasive and thus hold that a district court has subject matter jurisdiction to issue a writ of mandamus if it determines that the Office of Special Counsel violated a non-discretionary statutory duty to investigate an employee's allegations.

However, this holding does not imply that district courts have jurisdiction to review all Office of Special Counsel determinations. Various courts have held that district courts have no jurisdiction to review the Office of Special Counsel's decision to terminate an investigation or not to petition the Merit Systems Protection Board. *See DeLeonardis*, 986 F.2d at 727 ("We agree with our colleagues of the D.C. Circuit that when the [Office of Special Counsel] decides to terminate an investigation that it began pursuant to a complaint, the decision is not reviewable."); *Wren v. Merit Sys. Prot. Bd.*, 681 F.2d 867, 876 n.9 (D.C. Cir. 1982) ("It is also quite clear from the statutory language and corresponding legislative history that Congress did not mean to make the [Office of Special Counsel's] decisions to terminate or conduct an investigation or bring a proceeding before the Board reviewable on the merits."). In addition, several unpublished opinions have followed this approach. *See Hyde*, 1995 WL 238340, at *1 (holding that district courts have no authority to require the Office of Special Counsel to reconsider a complaint and resolve it a certain way); *DeLeonardis v. Koch*, Civ. A. No. H-90-3768, 1992 WL 465474, at *3 (S.D. Tex. July 1, 1992) ("[A] district court may not review [Office of Special Counsel's] decision to terminate its investigation, or [Office of Special Counsel's] decision not to petition the [Merit Systems Protection Board].") (citation omitted).

Carson contends that this case is controlled by *Weber*, 209 F.3d at 759. In *Weber*, the plaintiff, a former Army employee, complained to the Office of Special Counsel that he had been stripped of a security clearance in retaliation for whistleblowing. *Id.* at 757. The Office of Special Counsel "declined to investigate" the

plaintiff's complaint because it concluded that it lacked jurisdiction to investigate the complaint. *Id.* at 758. The plaintiff then sought a writ of mandamus to compel the Office of Special Counsel to investigate his accusation. *Id.* Thus, in both *Weber* and the present case, the Office of Special Counsel concluded that it lacked jurisdiction to investigate a complaint, and the plaintiff sought a writ of mandamus to compel it to investigate. In *Weber*, the district court held that "there is no judicial review of the merits of the [Office of Special Counsel's] decision to dispense with an investigation." *Weber v. Office of Special Counsel*, No. 97-2260-LFO, slip op. at 6. (D.D.C. Feb. 10, 1999). Then, the District of Columbia Circuit held that a district court has subject matter jurisdiction to issue a writ of mandamus if it determines that the Office of Special Counsel violated a non-discretionary statutory duty to investigate an employee's allegations. *Weber*, 209 F.3d at 759. Because the Office of Special Counsel declined to investigate because it believed that it lacked jurisdiction, the District of Columbia Circuit appears to have held that the Office of Special Counsel's determinations of its own jurisdiction are subject to judicial review. *See id.*

We decline to rely on *Weber* to hold that district courts have authority to review the jurisdictional determinations of the Office of Special Counsel for a number of reasons. In this case the record indicates that the Office of Special Counsel conducted a preliminary investigation into Carson's claims. But it is unclear from the *Weber* decision whether the Office of Special Counsel initiated any investigation at all into the plaintiff's claim in that case.[1]

Additionally, to the extent that *Weber* holds that district courts have authority to review the jurisdictional determinations of the Office of Special Counsel, we find the Fifth Circuit's reasoning to the contrary to be more persuasive. In *DeLeonardis*, 986 F.2d at 727, the plaintiff argued that "courts are allowed to look behind the agency's

---

[1]The District of Columbia Circuit opinion states that the Office of Special Counsel had "declined to investigate" the complaint. *Weber*, 209 F.3d at 758. The district court's opinion initially states that the Office of Special Counsel "decided not to pursue the complaint." But it later states that the Office of Special Counsel "considered the plaintiff's complaint," and decided to "dispense with an investigation." *Weber v. Office of Special Counsel*, No. 97-2260-LFO, slip op. at 2, 4, and 6. (D.D.C. Feb. 10, 1999). Thus, it is somewhat unclear whether the Office of Special Counsel declined to investigate the plaintiff's complaint at all or merely declined to continue its initial investigation.

decision to terminate an investigation when . . . the agency applies the incorrect legal standard in deciding to terminate the investigation." The Fifth Circuit rejected this claim and stated that the plaintiff failed "to recognize, or at least to admit, that to allow him to succeed on this argument we would have to vitiate the clearly established rule that we do not look behind substantive [Office of Special Counsel] determinations to terminate investigations." *Id.* Jurisdiction is a legal issue similar to the legal standard in dispute in *DeLeonardis*. Thus, we hold that a district court has subject matter jurisdiction to issue a writ of mandamus only if it determines that the Office of Special Counsel has declined to investigate a complaint at all; it has no subject matter jurisdiction to consider the Office of Special Counsel's jurisdictional determinations or the merits of its investigations. Now that we have established this main point, Carson's individual claims are easily resolved.

**B. Complaints MA-08-1842, MA-08-1843, and MA-08-2553**

The district court correctly concluded that it had no subject matter jurisdiction to issue a writ of mandamus regarding these three prohibited activity complaints. The Office of Special Counsel satisfies its statutory obligation when the Complaints Examining Unit conducts an initial investigation sufficient for it to determine whether a more thorough investigation is required. *Cf. Wren*, 681 F.2d at 874 (discussing statutory language governing prohibited personnel practice complaints). Here, the Office of Special Counsel conducted a preliminary investigation of Carson's allegations and concluded that further inquiry was unnecessary because he did not allege violations of civil service laws, rules, or regulations. Carson does not contend that the Office of Special Counsel failed to investigate his complaint; he contends that the investigation was inadequate. District courts may not review the Office of Special Counsel's substantive decision to discontinue an investigation for lack of cause. Thus, the district court could not order the Office of Special Counsel to conduct an additional investigation into Carson's claims after the Office of Special Counsel conducted preliminary investigations and decided to close them. Because the Office of Special Counsel discharged its statutory obligations by investigating these three complaints,

Carson is not entitled to a writ of mandamus.  Thus, we **AFFIRM** the decision of the district court.

**C. Section 1214(e) Reporting Requirement**

5 U.S.C. § 1214(e) provides that:

If, in connection with any investigation under this subchapter, the Special Counsel determines that there is reasonable cause to believe that any violation of any law, rule, or regulation has occurred other than one referred to in subsection (b) or (d), the Special Counsel shall report such violation to the head of the agency involved.

Carson seeks a writ ordering the Office of Special Counsel to report the allegations that he raised in his complaints to the Secretary of Energy pursuant to section 1214(e).  However, the district court correctly concluded that the Office of Special Counsel had no duty to report violations of law, rule, or regulation because the Office of Special Counsel never found that such violations had occurred.

Carson asks us to resolve his disagreement with the Office of Special Counsel about the meaning of the phrase "any law, rule, or regulation" in section 1214(e). Carson suggests that the phrase applies to violations of law, rule, or regulation under the jurisdiction of the Office of Special Counsel.  The Office of Special Counsel, on the other hand, asserts that the phrase applies to violations of law, rule, or regulation that it discovers during an investigation but over which it lacks jurisdiction under section 1214 or 1216.  However, it is unnecessary for us to resolve this dispute because the Office of Special Counsel never found reasonable cause to believe that *any* violations of law, rule, or regulation occurred.  Therefore, we have no authority to issue a purely advisory opinion on this debate.  *See, e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").  Thus, we **AFFIRM** the decision of the district court.

### III. CARSON'S MOTION TO AMEND

Carson does not contest the merits of the district court's decisions regarding complaints MA-08-1844 and MA-07-1668.**[2]** Rather, he claims that the district court erred in denying his motion to amend the petition in light of the Office of Special Counsel's decision regarding these two complaints. Carson moved to amend his petition to add allegations that, in closing these two complaints, the Office of Special Counsel failed to comply with the requirements set out in a statutory note following section 1214. The district court found that Carson's additional allegations would be futile because the Office of Special Counsel had already performed the non-discretionary duties it owed Carson. Because the district court based its decision to deny leave to amend on the legal conclusion that amendment would be futile, we review this decision de novo. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003).

Leave to amend must be freely given when justice so requires. Fed. R. Civ. P. 15(a). Nevertheless, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

The statutory note following section 1214 provides that:

> The Special Counsel shall include in any letter terminating an investigation under section 1214(a)(2) of title 5, United States Code . . . the name and telephone number of an employee of the Special Counsel who is available to respond to reasonable questions from the person regarding the investigation or review conducted by the Special Counsel, the relevant facts ascertained by the Special Counsel, and the law applicable to the person's allegations.

---

**[2]**The district court correctly dismissed Carson's claim that the Office of Special Counsel was required to provide him status reports regarding complaint MA-08-1844, a prohibited activity complaint, because the Office of Special Counsel is not required to provide status reports regarding prohibited activity complaints under section 1214. The district court correctly dismissed Carson's claim regarding MA-07-1668, a prohibited personnel practice complaint, because the Office of Special Counsel performed its duty to make a "reasonable basis" determination under section 1214 by explaining its basis for proposing to close his complaint, reviewing Carson's written comments to this proposal, and later terminating its investigation and closing the complaint.

United States Office of Special Counsel, Merit Systems Protection Board: Authorization, Pub. L. 103-424 § 12(b), 108 Stat. 4361, 4367 (1994). Carson contends that the person whose name and number he was given did not respond to his "reasonable questions."

For a writ of mandamus to be warranted, "there must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not owed." *Maczko*, 814 F.2d at 310 (internal quotation marks and citation omitted). "A duty is not owed unless the obligation is plainly defined and peremptory." *Id.* (internal quotation marks and citation omitted). Although the Office of Special Counsel had a duty to comply with the statutory note following section 1214, the terms of that note are not readily ascertainable. "[W]hen a duty is disputed or subject to various interpretations, . . . the duty is not 'owed' in that the obligation to do a particular act cannot be said to be clear, peremptory, defined or ministerial within the meaning of section 1361." *Id.* There is clearly discretion involved in responding "to reasonable questions from the person regarding the investigation or review conducted by the Special Counsel, the relevant facts ascertained by the Special Counsel, and the law applicable to the person's allegations." United States Office of Special Counsel, Merit Systems Protection Board: Authorization, Pub. L. 103-424 § 12(b), 108 Stat. 4361, 4367. Carson sought leave to amend his petition to request a writ of mandamus to enforce a statutory note that is subject to differing interpretations. This amendment would be futile because the district court would have no authority to issue the requested writ under section 1361.

Furthermore, we note that because MA-08-1844 is a prohibited activity complaint, the procedural requirements of section 1214 do not apply to it in any case. Section 1216, which governs prohibited activity complaints, provides that "[i]f the Special Counsel receives an allegation concerning [activities prohibited by any civil service law, rule, or regulation], the Special Counsel *may* investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved." 5 U.S.C. § 1216(c) (emphasis added). The plain text of the statute suggests that the Office of Special Counsel is not required to provide status reports regarding prohibited activity allegations, but rather has

this discretionary power.  *See also Perkins v. Office of Special Counsel*, 522 F.3d 1373, 1376 (Fed. Cir. 2008) ("[S]ubsection (c) of section 1216 specifies that [Office of Special Counsel] *may* seek corrective action under section 1214 . . . for activities described in [section 1216(a)(4)] in the same way as if a prohibited personnel practice were involved." (internal quotation marks omitted) (emphasis added)).  Thus, the district court correctly found that under section 1216, the Office of Special Counsel's decision whether to follow section 1214's procedural requirements was discretionary, and thus permitting Carson to amend his petition regarding a section 1216(a) investigation would be futile.  Therefore, we **AFFIRM** the district court's denial of Carson's motion for leave to amend.

## IV. CONCLUSION

We hold that a district court has subject matter jurisdiction to issue a writ of mandamus only if it determines that the Office of Special Counsel has declined to investigate a complaint at all; it has no subject matter jurisdiction to consider the Office of Special Counsel's jurisdictional determinations or the merits of its investigations.  The district court had no subject matter jurisdiction to issue a writ of mandamus regarding complaints MA-08-1842, MA-08-1843, and MA-08-2553 because the Office of Special Counsel had fulfilled its statutory duty to investigate these complaints.  The district court had no subject matter jurisdiction to issue a writ of mandamus to order the Office of Special Counsel to report allegations pursuant to section 1214(e) because the Office of Special Counsel never found that any violation of law, rule, or regulation occurred. Thus, we **AFFIRM** the district court's dismissal of Carson's claims.

We find that because the section 1214 statutory note regarding responding to "reasonable questions" is subject to differing interpretations, the district court correctly found that permitting Carson to amend his petition would be futile.  Thus, we **AFFIRM** the district court's dismissal of Carson's motion to amend.