# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 12, 2025        Decided October 3, 2025

No. 24-5168

AMERICA FIRST LEGAL FOUNDATION,
APPELLANT

v.

JAMIESON GREER, IN HIS OFFICIAL CAPACITY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-03576)

———

*Andrew J. Block* argued the cause for appellant. With him on the briefs was *Reed D. Rubinstein*.

*David L. Peters*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, at the time the brief was filed, *Brett A. Shumate*, Acting Assistant Attorney General, *Matthew M. Graves*, United States Attorney, at the time the brief was filed, *Michael S. Raab*, Attorney, *Susan K. Ullman*, General Counsel, U.S. Office of Special Counsel, and *Hnin Khaing*, Senior Litigation Counsel.

Before: WILKINS and KATSAS, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KATSAS.

KATSAS, *Circuit Judge*:   America First Legal Foundation brought this lawsuit to compel the Office of Special Counsel to investigate whether a federal agency arbitrarily denied AFL's Freedom of Information Act request.   The district court dismissed AFL's claims on the merits.   We conclude that AFL lacks Article III standing to pursue the claims.

I

A

The Office of Special Counsel (OSC) is an investigative and prosecutorial agency established to seek "a fair, efficient, and lawfully-conducted Civil Service." *Frazier v. MSPB*, 672 F.2d 150, 162 (D.C. Cir. 1982).   The Civil Service Reform Act empowers OSC to investigate "prohibited personnel practices" and, if warranted, to bring enforcement proceedings before the Merit Systems Protection Board for corrective action under 5 U.S.C. § 1214 or disciplinary action under 5 U.S.C. § 1215. Section 1214 sets forth procedures to govern corrective actions for prohibited personnel practices, including provisions for notifying the complaining party about the progress of an investigation.   *See*, *e.g.*, 5 U.S.C. § 1214(a)(1)(B)–(D).

Section 1216 empowers OSC to investigate and seek corrective action for certain other forms of misconduct by government employees.   As relevant here, it provides that OSC "shall … conduct an investigation of any allegation concerning arbitrary or capricious withholding of information prohibited under section 552"—in other words, withholdings prohibited by the Freedom of Information Act.   5 U.S.C.

§ 1216(a)(3). For such alleged FOIA violations, OSC "may investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved." *Id.* § 1216(c).

FOIA contains its own separate provision for OSC enforcement. It states that if a court (1) orders production of agency records improperly withheld under FOIA, (2) awards attorneys' fees against the agency, and (3) specifically questions whether the agency "acted arbitrarily or capriciously with respect to the withholding," then OSC "shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding." 5 U.S.C. § 552(a)(4)(F)(i).

## B

As part of its effort to investigate judicial recusals, AFL requested from the Department of Justice certain emails between an outside attorney and the DOJ's Civil Division. According to AFL, the Civil Division denied the request on the dubious ground that it does not search employee emails for responsive records without the employee's consent. AFL then sued DOJ under FOIA. In that lawsuit, DOJ has produced— and is continuing to produce—records responsive to the request. The sufficiency of this production is not at issue here.

AFL also asked OSC to investigate DOJ's alleged FOIA policy of not searching employee emails without consent. It invoked section 1216(a)(3), which states that OSC "shall … conduct an investigation" of arbitrary FOIA withholdings. OSC disclaimed authority to investigate because the three predicates for triggering an investigation under section 552(a)(4)(F)(i) were not satisfied.

4

AFL filed this lawsuit to compel OSC to investigate DOJ's alleged FOIA policy. It argued that section 1216 mandated such an investigation even if FOIA did not.

The district court ruled in part for AFL but nonetheless dismissed its case for failure to state a claim. The court concluded that section 552(a)(4)(F)(i) does not limit OSC's power to investigate alleged FOIA violations under section 1216. *See Am. First Legal Found. v. Kerner*, No. 22-cv-3576, 2023 WL 9546644, at *5 (D.D.C. Sept. 29, 2023). So, the court declared, OSC's decision not to investigate was based on a legal error. *Id*. Nonetheless, the court declined to order OSC to investigate any FOIA policy because, in its view, section 1216(c) committed that decision to OSC's discretion. *Id*. at *6. The court remanded the case to OSC for further consideration. *Id.* After OSC again declined to investigate, AFL moved for entry of final judgment, and the district court dismissed its remaining claims. J.A. 68.

AFL appealed, and our review is *de novo*. *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020).

II

Before reaching the merits, we must consider whether AFL satisfied the requirements for Article III standing, a question bearing on whether the district court had subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). Neither party initially addressed standing, so we ordered supplemental briefing on that question.

Article III of the Constitution restricts the federal "judicial Power" to resolving certain "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl. 1. Standing doctrine follows from this case-or-controversy requirement. *Allen v. Wright*, 468 U.S. 737, 750 (1984). To have Article III standing, the

plaintiff must have suffered an injury caused by the defendant and likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury must be "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (cleaned up). At the motion-to-dismiss stage, a plaintiff must allege facts plausibly supporting each element of its standing. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

In its supplemental brief, AFL claims that OSC violated its alleged procedural right to an investigation under section 1216. But the "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient" to confer Article III standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009); *see also Citizens for Const. Integrity v. Census Bureau*, 115 F.4th 618, 625 (D.C. Cir. 2024). To overcome that problem, AFL contends that OSC's refusal to investigate has caused it two concrete, informational injuries: First, DOJ has not provided the records that AFL requested through FOIA. Second, OSC has not provided the notices and information required for an investigation under section 1214.

Through this framing, AFL seeks to invoke the relaxed standing requirements that apply to cases involving alleged procedural injury. "Where plaintiffs allege injury resulting from violation of a *procedural* right afforded to them by statute and designed to protect their threatened concrete interest, the courts relax—while not wholly eliminating—the issues of imminence and redressability, but not the issues of injury in fact or causation." *Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1157 (D.C. Cir. 2005); *see Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 664–65 (D.C. Cir. 1996) (en banc). In such cases, plaintiffs thus must show that the violation of a

procedural right "resulted in injury" to some "concrete, particularized interest." *Ctr. for Law & Educ.*, 396 F.3d at 1157. AFL satisfies neither those requirements nor even a relaxed standard of redressability. Because AFL cannot satisfy even the more relaxed standing requirements for procedural injuries, we need not decide whether these injuries are procedural or substantive.

AFL's first standing theory is that OSC's failure to investigate DOJ under section 1216 has prevented AFL from receiving the records it requested under FOIA. This theory suffers from fatal causation and redressability problems. For one thing, any informational injury from DOJ's refusal to disclose agency records is plainly traceable to DOJ—not OSC. And any causal connection between OSC's failure to conduct a section 1216 investigation and DOJ's failure to comply with the FOIA request is too speculative and attenuated to support Article III standing. The alleged causal chain is as follows: If OSC had conducted the assertedly mandatory section 1216 investigation, it might have decided to pursue a corrective action under section 1214, or a disciplinary action under section 1215, against offending DOJ employees. *See* 5 U.S.C. §§ 1214(b)(3), 1215(a)(1). Then, the MSPB might have decided to sanction those employees for arbitrary FOIA withholdings. *See id.* §§ 1214(b)(4)(A), 1215(a)(3)(A). Next, DOJ might have decided to produce the requested records. This requires speculation about choices by two government agencies not parties to this lawsuit (the MSPB and DOJ), yet "causation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024) (cleaned up). And it requires speculation about how OSC might choose to exercise its enforcement discretion, which the courts generally may not compel. *See Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985).

Given this speculative chain, AFL has not shown that a favorable judgment here "would very likely spur the next steps necessary to redress" its informational injury. *Hecate Energy LLC v. FERC*, 126 F.4th 660, 667 (D.C. Cir. 2025). And AFL overlooks the principle that redressability generally turns on how a judgment binds the parties, not whether its rationale "might persuade actors who are not before the court." *Haaland v. Brackeen*, 599 U.S. 255, 293–94 (2023). For these reasons, AFL cannot establish standing based on its interest in the information that it requested from DOJ through FOIA.

AFL's second standing theory—based on its asserted informational interest in the fruits of the OSC investigation itself—fares no better. A plaintiff claiming informational standing suffers a concrete injury if he is denied information that a "statute entitled him to receive." *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent., Inc.*, 659 F.3d 13, 23 (D.C. Cir. 2011) (quoting *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 618 (D.C. Cir. 2006)); *see also FEC v. Akins*, 524 U.S. 11, 21 (1998); *Pub. Citizen v. DOJ*, 491 U.S. 440, 448–50 (1989). But here, even if section 1216(a)(3) requires OSC to investigate FOIA violations, it creates no entitlement to receive information. AFL responds that, if OSC conducts the assertedly mandatory investigation under section 1216, it may choose to give AFL notices and information that would be required if OSC were investigating an alleged "prohibited personnel practice" under section 1214. But AFL does not contend that OSC must engraft section 1214 notice requirements onto its section 1216 investigations. To the contrary, it acknowledges cases holding that OSC's "decision whether to follow section 1214's procedural requirements" in a section 1216 investigation is "discretionary." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495–96 (6th Cir. 2011). Absent any alleged entitlement to receive information under section 1214, AFL lacks a concrete injury sufficient to support

its second standing theory. Likewise, insofar as OSC need not provide section 1214 notice requirements in a section 1216 investigation, a judicial order mandating such an investigation would not be reasonably likely to redress AFL's second alleged injury.

## III

Because AFL lacks Article III standing, we vacate the district court's judgment and remand with instructions to dismiss for lack of subject-matter jurisdiction.

*So ordered.*